SAMUEL M. PENNOCK & another *vs.* JOHN McCORMICK.

Suffolk. March 8. — May 5, 1876. COLT & LORD, JJ., absent.

A bill of exceptions stated that the plaintiff offered in evidence letters between himself and his agent in the transaction with the defendant which was the subject matter of the action, the agent's representation to the plaintiff concerning it, and the agent's conversation with a third person, and that this evidence was admitted by the court against the defendant's objection, but without any statement of its substance. *Held*, that this court could not infer that the evidence so admitted was in any way unfavorable to the defendant, or tended to prejudice his case; and that he had no ground of exception.

A bill of sale of merchandise, absolute in its terms, given to protect the vendee against his liability as surety for the vendor, and to secure a debt of the vendor to the vendee, with a verbal agreement that when the vendee should be relieved from his liability and the debt paid, his interest in the property should cease, but with no condition of defeasance in writing, is not a mortgage.

TORT for the conversion of 84 barrels of porter. Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows :

The plaintiffs claimed under a bill of sale, absolute in terms, for one dollar and other considerations, from one William H. Nichols, in the name of the Lawrence Brewing Company. There was evidence tending to show that Nichols, the owner of a brewery, and doing business under the name of the Lawrence Brewing Co., gave the bill of sale to secure the plaintiffs against loss

by reason of bonds signed by Pennock to dissolve certain attachments upon suits brought against Nichols, and also as security for the debt due or that might become due from Nichols to the plaintiffs, with the understanding and agreement that, when Pennock should be relieved from liability upon the bonds and the debt be paid, the plaintiffs' interest in the property should cease.    There was no evidence, nor was it contended by the defendant, that this agreement was in writing.    It further appeared that the porter mentioned in the bill, of which the 84 barrels were a part, was sent by Pennock's direction from Lawrence to Boston, and put into Nichols's possession, by whom it was sold from time to time with the plaintiffs' consent, the bills, with one exception, being made in the name of the Lawrence Brewing Co. ; and that the barrels in question were sold either by Nichols himself or through one Grunberg, and delivered to the defendant by Nichols, who received the money for them ; that Pennock afterward called upon the defendant, and told him that the sale had not been authorized by the plaintiffs, upon the terms upon which the defendant had purchased, and that they would not be bound by it, but should demand a return of the merchandise ; and that later in the day a formal demand for it was made, and the defendant refused to give it up.    The plaintiffs then offered in evidence the letters of William H. Nichols to the plaintiffs, and the plaintiffs' reply to them, to which the defendant objected, but the judge admitted them.    The plaintiffs then offered in evidence what the offer of this defendant was as it was represented to them by Nichols.    To this the defendant objected, but the judge admitted it.    Nichols was asked this question : " After you had communicated the offer to the plaintiffs, and heard from the plaintiffs in reply, what then did you say to Grunberg ? "    To this the defendant objected, but the judge permitted the witness to answer.

The judge ruled as a matter of law that the conveyance of the property from Nichols to the plaintiffs was not a mortgage, for the reason that there was no condition of defeasance in writing ; and refused to give to the jury certain instructions requested by the defendant, based upon its being held to be a mortgage, which it is not necessary to state.    The jury returned a verdict for the plaintiffs ; and the defendant alleged exceptions.

*J. Bennett,* for the defendant.

*H. J. Boardman & C. Blodgett,* for the plaintiff, submitted the case without argument,

DEVENS, J.   What the evidence was which was admitted by the court, from the letters of Nichols and the reply to them, and the declaration of Nichols to the plaintiff and to Grunberg, against the objection of the defendant, does not appear by the bill of exceptions.   We cannot infer that anything was thus admitted which was in any way unfavorable to the defendant, or which tended to prejudice his case.   *Kershaw* v. *Wright,* 115 Mass. 361, and cases cited.

As between the parties to the absolute, formal bill of sale, it could not be shown, by proof of a parol defeasance, that the conveyance was a mortgage, and the court correctly so ruled. *Harper* v. *Ross,* 10 Allen, 332.   Evidence of a secret agreement between the parties, and conduct by them inconsistent with such a sale, was competent for the purpose of showing that the bill of sale was pretence and a fraud, intended merely to deceive creditors, or those who might deal with the parties, as to the goods, and not to express a real transaction.   Such evidence was admitted by the court, it may be presumed, for this purpose; but this would not alter the transaction between the parties, which, whether real, pretended or fraudulent, was still in its character an absolute sale, and not a conveyance in mortgage only.

*Exceptions overruled.*