MOSES W. PHILBROOK, administrator, *vs.* JOHN EATON.

Suffolk.   Jan. 29. — March 2, 1883.   FIELD & W. ALLEN, JJ., absent.

An administrator, upon proof of the execution of a formal bill of sale of personal property to his intestate, acknowledging receipt of the consideration therein named, and proof of a subsequent sale of the same property by the grantor, is *prima facie* entitled, in an action for conversion against the latter, to recover the value of the property at the time of the subsequent sale.

No delivery of the personal property named in a formal bill of sale is necessary to pass the title, as between the parties.

Oral evidence is inadmissible to show that a formal bill of sale of personal property, acknowledging receipt of the consideration therein named, was given as security for a loan of the amount of the consideration.

A party who has succeeded, against the objection of the adverse party, in introducing incompetent evidence, has no ground of exception because the presiding judge does not give it the weight it would be entitled to if competent.

If the grantor in a bill of sale of personal property, acknowledging receipt of the consideration therein named, retains possession of the property and again sells it, the second sale, and not a refusal to deliver the property to the first purchaser upon a subsequent demand, constitutes a conversion.

The description of personal property in a bill of sale, the consideration therein recited, and the fact that the grantor, who retains possession of the property, has again sold it, are evidence upon the question of value, in an action by the grantee for conversion of the property.

TORT, by the administrator of the estate of John D. Philbrook, for the conversion of certain household furniture. Answer, a general denial. Trial in the Superior Court without a jury, before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows:

The plaintiff, as administrator, made a demand upon the defendant for said furniture before bringing this action, but the defendant did not deliver it, having previously, in July 1879,

sold it to one Sawyer. The defendant was allowed to put in evidence, subject to the plaintiff's exception, that he borrowed of the plaintiff's intestate $250, and gave as security therefor a mortgage of a parcel of real estate in Beverly, and, as additional security, a bill of sale of said furniture, dated January 17, 1874, in which the consideration was expressed to be $250, the receipt of which was acknowledged; that no money was paid except the sum of $250 so lent; that the intestate never took possession of said furniture, but it had always remained in the possession of the defendant until he sold it to Sawyer, as above stated. The bill of sale was not recorded. There was no evidence of value except the bill of sale, and the fact of the sale of the furniture to Sawyer.

The defendant asked the judge to rule as follows : " 1. If the instrument relied on was a bill of sale, it was without consideration, and no title passed to the vendee. 2. The goods named in the bill of sale were pledged, and, the goods never having been in possession of the pledgee, no title passed, and this action cannot be maintained. 3. An administrator is not a party so as to come within the Gen Sts. c. 151, § 2. 4. The amount recoverable in an action for conversion is the value of the goods at the time they were converted. No value having been proven, and the existence of the goods not having been proven, nothing can be recovered in this action. 5. This action cannot be maintained against the defendant, as at the time of the alleged conversion he had not possession, nor any control over or interest in the goods."

The judge declined so to rule, but ruled that, as between the original parties, the action could be maintained, whether the goods were mortgaged, pledged or sold, and that, on the evidence of the consideration of the amount named in the bill of sale, and the nature of the goods, he found the damages to be $75. The defendant alleged exceptions.

*C. C. Barton & A. D. McClellan,* for the defendant.
*J. F. Wiggin & B. M. Fernald,* for the plaintiff.

COLBURN, J. The written instrument under which the plaintiff claims is a formal bill of sale, not a bill of parcels, and on its face purports to be the evidence of an absolute sale of the property therein described by the defendant to the plaintiff's

intestate, in consideration of $250, which the defendant acknowledges that he received.

The plaintiff, who by operation of law represents the personal property and rights of his intestate, sustains the same relation to the defendant, and to the property in controversy, that his intestate sustained before his decease. No question as to the right of creditors or purchasers without notice is raised.

As between the plaintiff and defendant, no delivery of the property was necessary to pass the title. *Parsons* v. *Dickinson*, 11 Pick. 352. *Packard* v. *Wood*, 4 Gray, 307.

The plaintiff, upon proof of the execution of the bill of sale, and payment of the consideration, which was sufficiently proved, *prima facie*, by the acknowledgment of the defendant in the bill, and proof of a sale of the same property by the defendant to Sawyer, in July 1879, the bill of sale being dated January 17, 1874, was *prima facie* entitled to recover of the defendant the value of the property at the time of the sale to Sawyer.

To control the plaintiff's case, the defendant was allowed, under exception of the plaintiff, to introduce parol evidence, which he claimed tended to show that the transaction was not a sale, but a mortgage, or pledge, and was without consideration. We are of opinion that this evidence, so far as it was admitted for the purpose of varying, explaining or controlling the bill of sale, was incompetent in an action at law, and should have been rejected. *Pennock* v. *McCormick*, 120 Mass. 275. *Harper* v. *Ross*, 10 Allen, 332.

Whatever other effect the evidence introduced by the defendant might, if competent, have had upon the bill of sale, it failed to show any want of consideration. It tended to show that the bill of sale was given as part of the security for a loan of $250 from the plaintiff's intestate to the defendant, which was a good consideration.

The defendant's second and third requests for rulings relate to the effect upon the bill of sale of the evidence he was improperly allowed to introduce ; and we are of opinion that he has no ground of exception that these rulings were not made. Because he had succeeded, under objection, in introducing incompetent evidence, he was not entitled to except because the court did not give it the force he claimed for it.

The court without doubt ruled that the measure of damages was the value of the property at the time of conversion. The sale to Sawyer constituted the conversion, and not the refusal to deliver the property to the plaintiff upon a subsequent demand. The objection of the defendant, that the existence of the goods at the time of demand had not been proved, and that the suit could not be maintained, because at the time of the conversion (probably meaning demand) the defendant had no possession of the goods, or control over or interest in them, does not require notice.

There was evidence for the consideration of the court, upon the question of value, in the particular description of the property and the consideration recited in the bill of sale, and the fact that the defendant had sold the property. The weight of this evidence is not for us to determine.

*Exceptions overruled.*