## CHARLES MICHIELS *vs.* THE HARTFORD FIRE IN-SURANCE COMPANY.

EXCEPTIONS TO RULINGS OF McCULLY, J.

JULY TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.    FORNAN-DER, J., absent.

When the Justice at the trial of a cause allows amendments to the pleadings, the same being within his discretion, such discretion will not be reviewed on exceptions.

The plaintiff effected an insurance against fire, with the defendant Company, on his stock in trade. The policy contained the following condition: "Or if any change takes place in the title or possession of the property, whether by sale, transfer, conveyance, legal process or judicial decree," the policy should be void.

On the second of August, 1886, the plaintiff executed an absolute bill of sale of the property covered by the insurance, to W. On the 4th August the property was destroyed by fire.

The Presiding Justice nonsuited the plaintiff on the ground that the execution of the bill of sale changed the title to the goods within the meaning of the policy.

Held that such nonsuit was right.

OPINION OF THE COURT, BY PRESTON, J.

This case comes before us on a bill of exceptions by the plaintiff to the rulings of McCully, Judge, at the trial of the action at the last April term, whereby he allowed the defendant to amend the answer upon terms and directed a nonsuit on the motion of defendant's counsel at the conclusion of the plaintiff's case.

The amendments allowed by the learned Judge were within his discretion, and cannot be considered here.

The bill of exceptions in this respect is therefore overruled.

The action is brought to recover the sum of $2,500, upon a Fire Policy assuring that amount upon certain stock in trade of the plaintiff's upon his store and premises on Fort street, Honolulu.

The policy is dated the 17th day of August, 1885, and contains the following stipulation: " Or if any change takes place in the title or possession of the property, whether by sale, transfer, conveyance, legal process, judicial decree, * * * or, if the assured is not the sole, absolute and unconditional owner of the property insured, * * * then, and in every such case, this policy shall be void."

"This policy is made and accepted on the above express conditions."

On the fourth day of August, 1886, during the currency of the policy, the property covered by it was destroyed by fire.

There were insurances in three other offices, in like amount, and the several companies refused payment.

At the trial, the plaintiff was called as a witness on his own behalf, and on cross-examination was shown a paper, (hereinafter set out) and stated: " I remember giving Mr. Neumann a guarantee for my bonds, to assure people who had been guarantee for me; that is my signature; did not read paper; signed it at Mr. Neumann's request; knew it was only a guarantee to be given to Mr. Davis and Mr. Bowler; did not know it sold absolutely store and goods; I gave it to Mr. Neumann, not to Whiting; I gave it as a guarantee merely."

Mr. Whiting testified that the bill of sale was made at the instance of Mr. Neumann to secure his (Whiting's) client, Bowler (who was on Michiel's bond and also on his Chinese clerk's bond, on a charge of having opium in possession), and was delivered to him to hold until after the cases were decided; that he paid no consideration for it, took no possession, and that he held the paper merely as security for Bowler and bondsmen, and that it was not to be used or put into effect unless Michiels made default, and that there was no intention to transfer the property.

The plaintiff having introduced other testimony as to value, etc., rested his case.

. Counsel for defendant thereupon moved for a nonsuit, because of the execution of said bill of sale, on the ground that it was a violation of the terms of the policy, and the Court allowed the motion, and ordered the plaintiff to be nonsuited.

To which order the plaintiff excepted.

The following is a copy of the bill of sale: " Know all men by these presents, that I, Charles Michiels, of Honolulu, Island of Oahu, for and in consideration of the sum of one dollar, to me in hand paid, the receipt whereof is hereby acknowledged, and for other good and valuable considerations, me thereto moving, from W. A. Whiting, of the same place, have bargained and sold, and by these presents do grant and convey unto the said W. A. Whiting, his executors, administrators and assigns, all the merchandise, fixtures, goodwill and outstanding accounts due, belonging to, and part of my business in Honolulu, carried on on Fort street, near Merchant street, known as the ' Louvre of Brussels.' To have and to hold, unto the said W. A. Whiting, his executors, administrators and assigns forever. And in consideration of the premises, I hereby covenant with and unto the vendee, that I will warrant and defend the sale hereby made, against any and all persons lawfully claiming, or to claim the chattels hereby sold. In witness whereof I have hereunto set my hand and seal, the second day of August, A. D., 1886.

CHAS. MICHIELS." [L. S.]

On the argument before us it was strenuously contended on behalf of the plaintiff, that no change in the title or property passed or was effected by the bill of sale, and that it was only a mortgage or security to the plaintiff's bondsmen, and that it was not the intention of the parties that any change of title should be effected.

: It appears to us that we have nothing to do with the intention of the parties, we must consider only what is the effect of the document upon its face, and it appears to us that it cannot be

seriously contended that a change in the title to the property assured did not take place on the execution of this document.

In *Adams vs. Rockingham Ins. Co.*, 29 Me., 292, it was held that an alienation had occurred when the insured, by an absolute deed, had conveyed the property, although he received from his grantee an unsealed agreement to reconvey upon payment of a specific sum.

In *Edmonds vs. Ins. Co.*, 1 Allen 311, it was held that a mortgage was an alteration in the ownership, though not an alienation of the property, and so vitiated a policy providing against alteration or change in the title.

Many cases were cited by counsel for defendant, among others : *Springfield Ins. Co. vs. Allen*, 43 New York, 394; *Dix vs. Ins. Co.*, 22 Ill., 273; *Treadway vs. Ins. Co.*, 29 Conn., 79; *Pennock vs. McCormick*, 120 Mass., 275; *Barnes vs. Union Fire Ins. Co.*, 51 Me., 110; *Western Mass. Ins. Co. vs. Riker*, 10 Mich., 279, in which case it was held that where one of the conditions of a policy was, that in case of any sale, transfer or change of title in the property insured, such insurance should be void, the policy was avoided by a conveyance which was absolute in form, though given as security for a debt merely.

We see no reason to differ from the foregoing authorities, and numerous others which may be found in the various reports, and therefore hold that the document in question in this case did change the title in the property assured in such a manner as to work a complete bar to this action, and that the learned Judge who presided at the trial might well, had he been so requested, have directed a verdict to be rendered for the defendants.

For these reasons we think the nonsuit was rightly ordered, and we overrule the exceptions with costs.

*Neumann, Whiting* and *Creighton*, for plaintiff.

*Dole* and *Hatch*, for defendant.