ROBERT J. GRANT *vs.* SIMON N. FROST.

Washington. Opinion February 21, 1888.

*Evidence. Bill of sale. Mortgage. Bill of parcels.*

In an action at law, parol evidence is inadmissible to prove that a formal bill of sale, which is absolute in its terms, was not intended to be absolute, but was given as a pledge or mortgage.

But this rule has no application where the instrument consists of a mere bill of parcels, not used or designed to embody and set out the terms and conditions of a contract of sale.

A bill of parcels is in the nature of a receipt, and, as between the parties to it, is always open to parol evidence to show the real terms upon which the agreement of sale was made.

ON exceptions and motion.

The case and material facts are stated in the opinion.

*A. McNichol*, for the plaintiff, cited : *Hazard* v. *Loring*, 10 Cush. 267 ; *Shaw* v. *Wilshire*, 65 Maine, 485.

*E. E. Livermore*, for defendant.

The courts of this state have uniformly held, in actions at law, parol testimony is not admissible to vary the terms of a written document, or to show that a bill of sale, absolute in its terms, was intended as security for a loan of money ; and the latest decisions of the supreme court of Massachusetts are to the same effect. *Osgood* v. *Davis*, 18 Maine, 146 ; *Shaw* v. *Shaw*, 50 Maine, 94 ; *Hancock* v. *Fairfield*, 30 Maine, 299 ; *Bryant* v. *Crosby*, 36 Maine, 563 ; *Stevens* v. *Haskell*, 70 Maine, 202 ; *Reed* v. *Reed*, 71 Maine, 156 ; *Pennock* v. *McCromick*, 120 Mass. 275 ; *Philbrook* v. *Eaton*, 134 Mass. 398.

No delivery of personal property named in a formal bill of sale is necessary to pass the title, as between the original parties. And this rule of law is well settled by the courts. *Richardson* v. *Kimball*, 28 Maine, 463 ; *Philbrook* v. *Eaton*, 134 Mass. 398 ; *Phillips* v. *Moor*, 71 Maine, 78.

The question, whether the bill of sale was a pledge, or equitable mortgage, belongs to the equitable jurisdiction to determine ; it cannot be determined by law. *Jewett* v. *Mitchell* 72 Maine, 28 ; See also *Bailey* v. *Knapp*, 4 New England Reporter, 280.

FOSTER, J. This was an action on the case for negligence in the management and care of the plaintiff's horse while in the defendant's pasture.

The defendant introduced in evidence the following writing :

"$300. April 16, 1884. Eastport, Maine.

I have this day sold to S. N. Frost, my red mare lately owned by J. Rogers, of Pembroke, together with top buggy, and pung, harness, robes and blanket and halter, for the sum of three hundred dollars. $300.

Payment received, Robert J. Grant."

Thereupon the plaintiff, against the objection of the defendant, offered oral testimony to prove that the foregoing instrument was

not intended as an absolute sale, but as a mortgage to secure the payment of a debt which the plaintiff owed the defendant, and that the debt had been mostly paid.

To the admission of this evidence the defendant excepted, and this is the only question raised by the bill of exceptions. The action is between the original parties to the instrument, and no question arises as to the rights of third parties, creditors, or *bona fide* purchasers.

The contention of the defendant is that this was a bill of sale, absolute upon its face, and that parol evidence is not admissible in an action at law to contradict, vary, or explain the contents of a written instrument.

The rule relied on by the defendant is well established, that in an action at law parol evidence is inadmissible to prove that a sale in writing, which is absolute in its terms, was not intended to be absolute but was given as a pledge or mortgage. This doctrine is sustained by numerous authorities, among which may be cited : *Bryant* v. *Crosby*, 36 Maine, 563 ; *Harper* v. *Ross*, 10 Allen, 332 ; *Newton* v. *Fay*, *Id.* 507 ; *Pennock* v. *McCormick*, 120 Mass. 277 ; *Philbrook* v. *Eaton*, 134 Mass. 400.

In such case the written contract must govern. It speaks for itself. The parties having reduced their contract to writing, their rights must be governed by and depend upon its terms as therein expressed, irrespective of any parol evidence of what was intended, or what took place previous to or at the time of the making of the contract.

But while it is the well settled general rule that parol evidence is inadmissible to contradict, vary or explain the terms of a written instrument, it has no application when the instrument consists of a mere bill of parcels, not used or designed to embody and set out the terms and conditions of a contract of sale. Such a bill of parcels is an informal document, intended only to specify the price, the articles, the names of the buyer and seller, and a receipt of payment. It is in the nature of a receipt, and, as between the parties to it, is always open to parol evidence—an exception to the general rule — to show the real terms upon which the agreement of sale was made. *Hazard* v. *Loring*, 10

Cush. 268; *Caswell* v. *Keith*, 12 Gray, 351; *Shaw* v. *Wilshire*, 65 Maine, 485; *Fletcher* v. *Willard*, 14 Pick. 466; *Atwater* v. *Clancy*, 107 Mass. 375: *Harris* v. *Johnston*, 3 Cranch, 311; *Wallace* v. *Rogers*, 2 N. H. 506; *Hersom* v. *Henderson*, 21 N. H. 224; Jones on Chat. Mort. § 21.

The defendant falls into an error when he assumes that the instrument in question is a formal bill of sale, and therefore not subject to parol evidence even between the parties to it. It is not a formal bill of sale whatever designation the parties may see fit to give it. It is in law but a mere bill of parcels, like those in *Hazard* v. *Loring*, 10 Cush. 267; *Stacy* v. *Kemp*, 97 Mass. 167-8; *Atwater* v. *Clancy*, 107 Mass. 375; *Fletcher* v. *Willard*, 14 Pick. 466; *Hilbrith* v. *O'Brien*, 10 Allen 104; *Shaw* v. *Wilshire*, 65 Maine, 492; where the court has directly passed upon the question, and held that such instruments were not contracts within the rule excluding parol evidence, but that they were only bills of parcels, and, as such, open to explanation by parol evidence of their object and purpose.

In the case at bar parol evidence was offered by the plaintiff, after the introduction of the instrument by the defendant, to prove the real terms upon which the agreement of sale was made. Upon well settled principles the evidence was competent and proper as between the parties. The exceptions therefore must be overruled.

A careful examination of the evidence satisfies us that the motion to set aside the verdict cannot be sustained. The evidence, to be sure, is somewhat conflicting, as it is in most cases of this kind; but we do not feel warranted in saying that the jury were influenced in their decision by any such improper bias or prejudice as would justify this court in setting aside their verdict.

*Exceptions and motion overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.