The Lake Erie and Western Railroad Company v. Mugg, Administrator.

## No. 15,268.

# THE LAKE ERIE AND WESTERN RAILROAD COMPANY v. MUGG, ADMINISTRATOR.

RAILROAD.—*Action for Death of Employee.*—*Knowledge of Defective Rail.*—*Complaint.*—*Contributory Negligence.*—In an action against a railroad company for damages for the death of a switchman, a complaint is not demurrable on the ground that it shows the deceased to have been guilty of contributory negligence, when it avers that his death was occasioned by a defective rail, the defects consisting of a sliver which extended outward and along the outside of the rail; that while going to couple two cars, one of which was in motion, he stepped on the sliver and was held fast until run over by the moving car; that the injury was caused by the fault and negligence of the defendant, and that the deceased had no knowledge of the defective condition of the rail or existence of the sliver, and that the injury was caused without any fault or negligence on his part. The fact that he did not, while engaged in making the coupling, see the sliver, can not, of itself, raise a presumption of contributory negligence on his part; nor, as against the averments of want of knowledge on his part, can it be determined that he must have known, or should have known, of the defective condition of the track.

SAME.—*Evidence.*—*Rules of the Company.*—In such action, it was not error for the court to refuse to permit the defendant to introduce in evidence certain rules and regulations of the company for the guidance of its employees in the discharge of their duties, no offer being made by the defendant to show a violation by the deceased of any of such rules.

SAME.—*Proof that Deceased Gave His Wages to His Wife.*—It was not error to permit the plaintiff to prove that the deceased had been in the habit of turning his wages over to his wife, and permitting the same to be expended for the support of his family. This evidence was competent to show the loss sustained by his family because of his death.

SAME.—*Experiments Made by Witness.*—*Exclusion of.*—Where evidence was given on the trial of statements made by the deceased, that at the time of the injury his boot froze to the rail, and he was unable to pull it away, the court properly refused to permit a witness to testify that, after the statements were made in his hearing, by the deceased, he experimented and found that the weather had the same effect on his boot, it not being shown that the experiment was made under the same conditions that existed when the injury took place.

SAME.—*Expert Testimony.*—Where the defendant produced a witness, who gave expert evidence upon the result of an examination of the heel of the boot worn by the deceased at the time of the accident, it was proper

The Lake Erie and Western Railroad Company *v.* Mugg, Administrator.

for the court to permit the plaintiff to introduce a shoemaker as a witness in rebuttal on this question.

SAME.—*Measure of Damages.—Loss of Support and Maintenance.*—The plaintiff was entitled to recover the damages suffered by the loss of the support and maintenance of the widow and minor children of the deceased, in addition to any prospective accumulation of property.

MASTER AND SERVANT.—*Defective Machinery.—Proof of Custom.*—Ordinarily a master will not be permitted to show as a defence to an action by an employee for not furnishing reasonably safe and suitable machinery, or a reasonably safe place for his employees to work, that it was the general or universal custom of other masters to furnish defective implements or an unsafe place to work.

PRACTICE.—*Affirmative Answer.—Refusal to Permit to File.—When not Error.* —Where the court refused to permit the defendant to file an affirmative answer, after the issues had been closed, but all the matters set forth in the answer proposed to be filed were given in evidence and embraced in the verdict, it affirmatively appears that the defendant was not injured by the ruling.

SAME.—*Independent Paper Filed with Transcript.—Supreme Court will not Consider.*—A sworn copy of the opinion of the trial court, giving its reasons for overruling the motion for a new trial, taken down by a stenographer and filed as an independent paper with the transcript, will not be considered by the Supreme Court on appeal.

From the Tippecanoe Circuit Court.

*W. E. Hackedorn, J. R. Coffroth, T. A. Stuart* and *F. W. Chase,* for appellant.

*J. F. McHugh, A. L. Kumler, B. W. Langdon* and *T. F. Gaylord,* for appellee.

MILLER, J.—This was an action by the appellee against the appellant for the alleged wrongful killing of her intestate. Issue upon a general denial of the complaint, trial by jury, verdict for the appellee, and judgment upon the verdict.

The complaint charges that the plaintiff's intestate, William Mugg, was in the employ of the defendant as a yard switchman, and that a part of his duties was the coupling and uncoupling of cars in its yards; that on and before the 22d day of January, 1888, there was, in a side-track, where the intestate was engaged, a defective, unsafe, in-

sufficient and dangerous rail, caused by there being a strong and sharp piece of rail called a sliver, which extended outward and along the outside of the rail; that the "defectiveness, unsafeness, insufficiency and dangerousness of said rail, and the existence of said piece of rail, or sliver, as aforesaid, was known to the defendant at and before the 22d day of January, 1888, or might have been known by it, by the exercise of proper care ; and that the existence or presence of the piece of said rail or sliver was not known by the said decedent prior to the 22d day of January, 1888, nor before the time of the reception of the injuries by said decedent as herein described."

"The plaintiff further says that on the 22d day of January, 1888, the said decedent was engaged in the discharge of his said duties of yard switchman on said side-track, and that there were, then and there, two cars to be coupled ; that one of said cars was stationary, and the other was in motion and approaching said stationary car for the purpose of permitting the coupling of the same to be made by the said decedent ; that the decedent, to make said coupling of said cars, had to approach and was approaching the draw-head of said stationary car from the outside of the rail having said sliver, and at a point where said sliver was as aforesaid, and while approaching said draw-head, as aforesaid, the decedent was moving his foot across said rail without any negligence on his part, and while moving his said foot across said rail, as aforesaid, the said sliver caught and became fastened in the heel of the shoe or boot then and there on the decedent's said foot, without any fault of the said decedent, and in such wise that the foot of the decedent was on said rail, and the decedent could not, without any fault on his part, withdraw said foot from said rail, or his said foot from said boot on said rail, as aforesaid ; that, while said foot was so fastened and held as aforesaid, said car, moving and approaching said stationary car as aforesaid, did approach, and the wheels of said moving car did then and there, without any fault of the dece-

dent, run on and over the said foot and leg of said decedent, and thereby broke and mashed the same, and other injuries were then and there and thereby received by said decedent without any fault on his part; that afterwards, on the — day of January, 1888, the said William C. Mugg died from said injuries; that said decedent received said injuries and died without any fault on his part, and through the negligence of the defendant."

The action of the court in overruling a demurrer to this complaint is assigned as error.

The objection urged to the complaint is, the claim that it shows that the deceased had the same means of knowing of the existence of the defect in the rail that the appellant had; that all he had to do was to have opened his eyes to have seen the defect.

We are satisfied that the allegations of the complaint, charging that the injury was caused by the fault and negligence of the defendant, and that the plaintiff's intestate had no knowledge of the defective condition of the rail, or existence of the sliver, and that the injury was caused without any fault or negligence on his part, are sufficient to repel a demurrer. The fact that he did not, while engaged in making a coupling, see the sliver can not, of itself, raise a presumption of contributory negligence on his part. Nor as against the averment of want of knowledge on his part, can it be determined that he must have known, or should have known, of the defective condition of the track. The duty of track inspection was not, primarily, one of his duties.

The objections urged to this complaint were so fully discussed in the well considered case of *Ohio, etc., R. W. Co.* v. *Pearcy*, 128 Ind. 197, that we deem it unnecessary to extend this opinion by a re-examination of the question. To the same effect see *Pennsylvania Co.* v. *Horton, post*, p. 189; *Louisville, etc., R. W. Co.* v. *Hanning*, 131 Ind. 528.

Application was made to the court, after the issues had been closed, for permission to file an affirmative answer,

The Lake Erie and Western Railroad Company v. Mugg, Administrator.

which was refused; after the refusal, the appellant asked permission to file it as a matter of right.

We do not find it necessary to review the ruling made by the court in refusing to open up the issues, for the reason that the evidence, which is in the record, and the special verdict returned by the jury, show that the matters, set forth in the answer proposed to be filed, were given in evidence, and embraced in the verdict, and it, therefore, appears, affirmatively, that the appellant was not injured by the ruling. *Miller* v. *Hardy*, 131 Ind. 13; *Ball* v. *Ball, ante*, p. 156; *State* v. *Vogel*, 117 Ind. 188.

Over seventy causes for a new trial were assigned in appellant's motion, the overruling of which is assigned as error in this court. Considerations of time and space will prevent an examination in this opinion of each of them in detail.

It is insisted, with unusual zeal and earnestness, that the special verdict of the jury, in many of its essential details, is not only against the weight of evidence, but that there is no evidence sufficient " even under the hard rule of this court," to warrant an affirmance of the judgment.

We have studied the evidence with care, but are unable to agree with counsel in this assumption.

In passing upon this question, we can not consider the sworn copy of the opinion of the court, giving his reasons for overruling the motion for a new trial, taken down by a stenographer, and filed as an independent paper with the transcript.

Appeals in this court are tried by the record, duly authenticated by the clerk of the trial court, and by this alone. Elliott's Appellate Procedure, section 186.

The appellant offered in evidence certain rules and regulations promulgated by the company for the guidance of its employees in the discharge of their duties. In making the offer, the appellant proposed to follow this with other evidence to show that the deceased, Mugg, had actual notice of these rules and regulations.

The appellee objected to the introduction of this evidence, and her objection was sustained by the court.

The only portion of these rules at all pertinent to the case is as follows :

" Coupling by hand is strictly prohibited in all cases where a stick can be used to guide the link or shackle ; and each yardmaster, switchman, brakeman, or other employee, who may be expected to couple cars, is required to provide himself, at all times, with a stick for that purpose."

It is questionable if this evidence was at all pertinent to the case made by the appellee, the injury having been received while the deceased was approaching the car for the purpose of making the coupling, and not while engaged in that duty. However this may be, we are satisfied that the record fails to show that the evidence was pertinent to the case for another reason. It does not appear but that the deceased used a coupling stick in making the coupling, in strict accordance with the rules. There was an entire absence of evidence on this subject, and no offer was made by the appellant to show a violation by the deceased of any of the rules of the company.

Complaint is made of the ruling of the court in permitting the appellee to prove that the deceased had been in the habit of turning his wages over to his wife, and permitting the same to be expended for the support of his family.

We think this evidence was competent to show the loss sustained by his family because of his death. *Hudson* v. *Houser*, 123 Ind. 309; 2 Thompson Negligence, 1291; 1 Harris Damages by Corporations, section 338; *Pennsylvania R. R. Co.* v. *Adams*, 55 Pa. St. 499.

Some evidence was given on the trial of statements made by the deceased to the effect that at the time the injury occurred his boot froze to the rail, and he was unable to pull his foot away. The appellant offered to show by a witness, who was present when the statement was claimed to have been made, that he went from Mugg's house on the same day, and

experimented, and found that the weather had the same effect on his boot. This evidence was excluded, and the ruling was assigned as a cause for a new trial.

Under some circumstances this class of evidence may be very satisfactory, but unless the experiments are shown to have been made under essentially the same conditions that existed in the case on trial, the tendency is to confuse and mislead rather than enlighten the jury. *Commonwealth* v. *Piper*, 120 Mass. 188; *Eidt* v. *Cutter*, 127 Mass. 522; *State* v. *Justus*, 11 Oregon, 178.

We are of the opinion that the appellant did not show that the experiment was made under the same conditions that existed when the injury took place. The time of day was different, and the conditions as to warmth and moisture of the boot exposed may not have been, probably were not, the same.

The court did not err in excluding this evidence.

The ruling of the court in excluding evidence offered by the appellant during the examination of Patrick Walson, Florence Sullivan and W. W. Wentz, assigned as causes for a new trial, Nos. 23, 24, 25, 26, 43, 44, 45, 46, 52, 53, are grouped together in appellant's brief with the statement that for the purpose of tending to prove that track in question was in reasonable good and safe condition, appellant offered to prove its condition by these witnesses, each of them being experienced railway roadmasters. The case of *Doyle* v. *St. Paul, etc., R. W. Co.*, 42 Minn. 79, is cited in support of the admissibility of the offered testimony. In that case the negligence, charged against the company, was, " that the defendant had placed a worn-out and splintered rail in this side track, and had allowed the same to remain there."

Evidence was adduced that the defendant had taken partially worn rails from its main track, and put them in the side track at the station where the injury occurred. The defendant then offered to prove that this was a general and universal custom of other railroads throughout the north-

west. The proof was excluded. The court held that this was error.

It is apparent that this decision is based upon the peculiar wording of the complaint in charging negligent conduct on the part of the railway company, and is not an authority in a case like the one before us.

Ordinarily, a master will not be permitted to show, as a defence to an action by an employee for not furnishing reasonably safe and suitable machinery, or a reasonably safe place for its employees to work, that it was the general or universal custom of other masters to furnish defective implements, or an unsafe place to work. Black Accidents, section 37.

Some other rulings of the court, in passing upon the admissibility of evidence, were made causes for a new trial, but the rulings, although assigned as error, are waived for want of an argument in support of the assignment. We have, however, examined the record, and are of the opinion that the various rulings were not erroneous.

The appellant produced a witness on the trial, who gave expert evidence upon the result of an examination of the heel of the boot worn by the deceased at the time of the accident. The plaintiff, in rebuttal, placed a shoemaker upon the stand who gave evidence upon the same subject.

The competency of a witness to testify as an expert is a matter resting largely in the descretion of the trial court, with whose ruling appellate courts are slow to interfere. *City of Ft. Wayne* v. *Coombs,* 107 Ind. 75 ; Rogers Expert Testimony, section 22. We can not say that the court erred in the exercise of its discretion.

It is insisted that the damages are excessive. The case of *Howard* v. *Delaware, etc., Canal Co.,* 40 Fed. R. 195, cited by appellant, was an action brought for the benefit of collateral kindred not dependent upon the deceased for their support. The court held that there could only be a recovery for the loss of what the deceased would probably have

accumulated afterwards, if he had lived, and as he had accumulated nothing up to the time of his death, in middle life, the recovery could only be for nominal damages.

The distinction between that case and the one in hand is obvious.

In this the appellee was entitled to recover the damages suffered by the loss of the support and maintenance of the widow and minor children of the deceased, in addition to any prospective accumulation of property.

Judgment affirmed.

iled June 10, 1892; petition for a rehearing overruled Sept. 15, 1892.

COFFEY, J., dissents.