## SELL v. SPARKS.

(Circuit Court, D. New Jersey. December 27, 1902.)

1. EQUITY—ACTION AT LAW—STAY—BILL OF SALE—CONSTRUCTION AS MORTGAGE.
   Where an action at law was brought against a sheriff by a claimant of goods levied on, claiming title. under a bill of sale, and the sheriff claimed that such bill of sale was in fact a mortgage, he was entitled to sue in equity to have such bill decreed a mortgage, and to have the action at law stayed pending the determination of such issue.

In Equity. On bill to have a bill of sale of personal property declared a mortgage, and for a stay of an action at law.

Harvey F. Carr, for complainant.
E. A. Armstrong, for defendant.

KIRKPATRICK, District Judge. John W. Sell, the complainant herein, as sheriff of the county of Camden, attached certain property alleged to be the property of one Schram, an absconding or nonresident debtor; and notwithstanding the fact that Sparks, the defendant herein, claimed to be the owner and in possession of said goods, the sheriff seized and removed the same as the property of Schram. For his so doing, Sparks has begun an action at law against him for damages; setting up a title to said goods under a bill of sale from Schram, which is absolute on its face. It is alleged in the bill of complaint that the instrument purporting to be a bill of sale was in fact intended·by the parties to be a mortgage, and the prayer is that it be reformed according to the intention of the parties, and its validity here determined. The right of a creditor to ask the aid of the court of equity to set aside, as void, a fraudulent conveyance made by his debtor, or to declare a deed absolute on its face to be, or to have been intended to be, merely a mortgage, cannot be questioned. The defendant herein, not denying this right, objects to the staying of his suit at law until the question of the force and effect and validity of the instrument under which he claims can be determined here, because he says they can equally well be adjudicated in the suit at law.

In Abbott v. Hansen, 24 N. J. Law, 493, the court said:

"A deed absolute on its face will, no doubt, be regarded in many cases, in a court of equity, as a mortgage, if the parties so intended. In a court of law no such doctrine has been recognized."

Parol evidence will not be admitted in an action of law to show that a bill of sale, absolute on its face, was intended to be a mortgage; nor can the terms of the deed be varied by parol in such form of action. Grant v. Frost, 80 Me. 202, 13 Atl. 881.

The case of Philbrook v. Eaton, 134 Mass. 398, is nearer in point than any brought to the attention of the court. In this case an administrator brought suit in tort for a conversion of certain goods where an absolute bill of sale had been given for the same, and afterwards the vendor thereof sold the same to another party. Held, that parol evidence to show that the bill of sale was given as a mortgage security was inadmissible.

I am of the opinion that, in order that full justice may be done between the parties, the questions as to the effect and validity of this bill of sale given by Schram to Sparks should be determined in this suit. The stay of proceedings heretofore granted herein should be continued. Let the rule be made absolute.