JOHN P. THOMPSON *et al. vs.* THOMAS DYER, Deputy Sheriff.

PROVIDENCE—OCTOBER 28, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

Opinion in *Thompson* v. *Dyer*, 25 R. I. 321, affirmed, and reargument denied.

STINESS, C. J. The motion for re-argument is based upon three grounds.

The first reason assigned is because the court held that the plaintiffs showed title as mortgagees in possession, when in fact an automobile bus had not been removed from the factory of the Baldwin Motor Company, and, hence, no title to this passed, for want of delivery. In other words, that the location of the automobile determined its title.

In taking this point, the defendant assumes that because there was no manual delivery or manifest change of possession there was no delivery at all, and consequently no title.

The court did understand, from statements of counsel and expressions in the record, that all the property has been removed to Dike street; but if this was not so, it could not have affected the decision. There is no question that the Baldwin Company transferred title to McEwen without change of actual possession, and the defendant rests on that title. If the plaintiffs' title is not good, for want of delivery, then there was no title in McEwen; and as the defendant justifies under McEwen's title, he must fail. But the court found from the testimony that, though there was no change of location, there was change of possession from the Baldwin Company to McEwen, not only understood between the parties, but implied from the terms of the bill of sale in the authority given him by the Baldwin Company to use its drawings, patterns, &c., in the completion of the work on this bus. Whatever title McEwen had he conveyed to the plaintiffs, and manual delivery from McEwen was no more necessary than delivery to McEwen. As between him and the plaintiffs, no delivery was necessary, the bill of sale being sufficient evidence of full title. *Philbrook* v. *Eaton*, 134 Mass. 398. Designating and setting apart property, and a part being taken away and the rest held subject to order, though vendee has never seen the goods, have been held to amount to delivery. *Rice* v. *Codman*, 1 Allen, 377; *Middlesex* v. *Osgood*, 4 Gray, 477. In *Shurtleff* v. *Willard*, 19 Pick. 202, it was held that delivery of a part for the whole applies to all the goods sold, though they happen to be scattered in different and distinct places. Thus the plaintiffs in this case were mortgagees in possession by virtue of their title, even though one article had not been

taken away from Callender street at the time of the attachment.

We may assume from the description of this one article, as an "automobile bus nearly completed," that it was large, cumbersome, and difficult to move, which would bring it within the exception of the requirement of actual delivery, when symbolical delivery is given. In any event it does not appear that the description of the plaintiffs as mortgagees in possession was erroneous.

The second ground is that the court did not pass upon points taken in the defendant's brief, that, as McEwen was one of the mortgagees, his interest was attachable. The court did not pass upon the point, supposing it would be so obvious that, after a release of all his right, title, and interest in the property, he could no longer be regarded as a party in interest, it did not require discussion.

The point that it was not shown who were mortgagees was clearly immaterial under the issue raised.

The third point is that the court did not pass upon an erroneous exclusion of evidence.

The main facts being practically undisputed, and the letter sought to be introduced being an attempt to vary the instrument in writing conveying McEwen's interest, in the nature of a gratuity, the court saw no reason to discuss it.

The motion for re-argument is denied.

*James J. McCabe*, for plaintiffs.

*Warren R. Perce, Howard A. Lamprey and Barney & Lee*, for defendants.