CHICAGO TELEPHONE SUPPLY COMPANY, Appellant, v. MARNE & ELKHORN TELEPHONE COMPANY, Appellee.

**Warranty:** PLEADING: ESTOPPEL. Where the plaintiff in an action on a contract for the sale of telephones admits in its reply that there was a warranty, it is thereafter precluded from denying that fact.

**Proof of parol warranty.** Where the memoranda of a sale does not purport to be a complete contract parol proof of a warranty is admissible.

**Parol warranty:** QUESTION OF FACT. Where a printed warranty upon which plaintiff relies is not made a part of the contract it becomes one in parol, and it is for the jury to determine whether the warranty was in fact as printed, or was oral.

**Contracts:** RESCISSION. A contract may be rescinded for breach of warranty even though severable, if the breach goes to the entire consideration.

**Examination of witnesses:** DISCRETION. The cross-examination of a witness is so largely a matter of discretion that its flagrant abuse must be shown to justify interference.

**Offer of proof:** REDUCTION TO WRITING. Error cannot be predicated on a neglect to require counsel to reduce to writing matters which he expects to prove by a witness, where no request was made therefor and the court was not asked to strike the oral statement thereof or to direct the jury to disregard it.

**Objection to proceedings.** The court may disregard objection to proceedings where no reason is assigned therefor.

**Exclusion of evidence:** HARMLESS ERROR. In an action for the price of telephones a letter of recommendation from another purchaser to the effect that the instruments were satisfactory was admissible on the question of whether plaintiff relied upon an alleged warranty; but its exclusion was not erroneous where the agent negotiating the sale was afterward permitted to testify that he exhibited the letter at that time.

Demonstrative evidence: DISCRETION. Permission of tests or demonstrative evidence in the presence of the jury is largely discretionary and the action of the trial court in the matter will rarely be interfered with.

Sales: BREACH OF WARRANTY: RESCISSION. Where a number of telephones admittedly of the same design and quality are sold for use on one system, defendant is not required to test the entire number to entitle him to rescind the contract for a breach of the warranty.

*Appeal from Shelby District Court.*— HON. O. D. WHEELER, Judge.

THURSDAY, MAY 9, 1907.

ACTION to recover the purchase price of one hundred and four telephones sold by plaintiff to defendant. Defendant pleaded a breach of warranty and return of the telephones and rescission of the contract on that ground. Trial to a jury. Verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*Smith & Perkins,* for appellant.

*Byers, Lockwood & Byers,* for appellee.

DEEMER, J.— On May 30, 1904, the defendant, through its president and secretary, gave plaintiff's agent the following order for telephones:

CHICAGO TELEPHONE COMPANY,
Salesman, Lowry.

Sold to Marne & Elkhorn Telephone Company.
Shipped by freight, prepaid.

| Number. | | Price. |
|---|---|---|
| 48. | No. 33, 1,600 ohm bridging at............ To Exira, Iowa, | $11.50 |
| 24. | No. 33, 1,600 ohm bridging at............ To Walnut, Iowa. | $11.50 |
| 32. | No. 33, 1,600 ohm bridging at............ To Brayton, Iowa. | $11.50 |

Batteries and R. H. blued screws furnished free. On this order and future orders placed by this company 1 telephone free with every 15 purchased.

Phones to be equipped with glass tubular fuses.

Phones to be wired for out ringing only.

Phones to be equipped with two screw lock method.

S. C. Pederson, Sec.

Walter E. Potts, Pres.

Terms to be cash 30 days after installation.

This agent testified that a certain warranty appearing in plaintiff's printed catalogue was read to defendant's directors at the time the order was taken, and that it was given as a part of the order. This warranty reads as follows:

### Guarantee.

Material and work guaranteed against inherent defects.

If any part or parts prove defective through any fault of this factory, such part or parts will be cheerfully repaired or replaced without charge, regardless of time that may have elapsed from date of purchase.

All apparatus fully warranted to give satisfaction in the work for which it is designed, when properly installed.

No risk incurred in buying Chicago telephones.

This factory guarantees every part as well as the complete instrument without any time limit.

In this way purchasers are protected by the Chicago Telephone Supply Company, the largest and strongest factory in the world devoted to the production of bridging telephones.

Defendant contends, however, that the sale was by sample, and that as a part of the transaction plaintiff's agent orally warranted the telephones to be as good and would work as well as any on the market, and that if the phones were not entirely satisfactory to defendant company and its patrons, plaintiff would take them back and that there would be no sale. It also pleaded that plaintiff promised to give

a written warranty corresponding in terms to the oral one with each phone. It alleged that the phones did not correspond with the sample, were not as good, and would not work as well as those of other manufacturers on the market; that they were not satisfactory to defendant and its patrons; that a large number of them failed to work; and that plaintiff failed to furnish the written warranty as promised, and that for these reasons it tendered back the telephones and rescinded the contract. Plaintiff pleaded the written warranty in the catalogue as being the only one it made, and averred that it offered and at all times stood ready to comply with the terms thereof, but that defendant failed to do its part and improperly installed the instruments. The case was submitted to the jury on these issues, resulting in a judgment for defendant.

Plaintiff contends that the court was in error in permitting the introduction of parol testimony tending to show the terms of the warranty, insisting that there was either no

**1. WARRANTY: pleading: estoppel.** warranty, or that it was in writing, and that parol testimony was inadmissible either to establish a warranty or the terms thereof. As plaintiff expressly admitted in its reply that there was a warranty, it does not now lie in its mouth to say that there was none.

Moreover, the memorandum of sale taken by the agent does not purport to be a full and complete contract, and there is nothing therein which would exclude parol proof of

**2. PROOF OF PAROL WARRANTY.** a warranty. Such testimony would in no manner contradict the order. *Grant v. Frost,* 80 Me. 202 (13 Atl. 881); *Shambaugh v. Current,* 111 Iowa, 121; *McCormick v. Richardson,* 89 Iowa, 525.

This being true, and the written warranty upon which plaintiff relies not being made a part of or inserted in the

**3. PAROL WARRANTY: question of fact.** contract, it became a parol one, although the terms were expressed in print in the printed catalogue. Under such circumstances it became a question of fact for the jury to determine whether

the warranty was the one found in the catalogue or one by word of mouth. The trial court so instructed, and as to this there was no error. The jury evidently found that the warranty was in accord with defendant's contention, and there was evidence sufficient to sustain this position and also sufficient to show a breach thereof, and we shall not disturb the findings.

It is the rule for this State that a contract may be rescinded for breach of warranty. *Wernli v. Collins,* 87 Iowa, 548; *J. I. Case Co. v. Haven,* 65 Iowa, 359, and many other cases which might be cited. And this is true, although the contract be severable, provided the breach goes to the entire consideration. Another rule is that the parties may provide their own remedies and procedure in case of breach. This, according to defendant, they attempted to do, and it is said that one remedy was rescission of contract for substantial failure of the phones to work satisfactorily. Various rulings are complained of in the reception and rejection of testimony, and to some of these we shall now give attention.

4. CONTRACTS: rescission.

II. The cross-examination of one of plaintiff's witnesses is complained of. This is a matter resting so largely in the sound discretion of the trial court that a very flagrant disregard of the rules must be shown to justify us in interfering. That does not appear here, and there was no error of which plaintiff may complain. Indeed we think the cross-examination related to matters inquired about in chief, and that it was within the well-known rule relating to this subject.

5. EXAMINATION OF WITNESSES: discretion.

Objection being sustained to certain questions propounded by counsel for defendant to some of its witnesses, counsel stated before the jury what he expected to prove by such witnesses. This was objected to by plaintiff's counsel. As to one of the witnesses the statement was simply introductory and without any prejudice whatever, for it was essential to

6. OFFER OF PROOF: reduction to writing.

enlighten the court as to defendant's claims.   As to the other witness, McCoy, defendant's counsel, stated in substance, after objections had been sustained to some questions propounded by him, that he expected to prove by witness that the company of which he, witness, was secretary, purchased some of the same kind of phones that plaintiff sold to defendant, under like warranties and guaranties, that these phones were installed as defendants were, that they failed to work, and that upon notice plaintiff removed them.   The court denied defendant a right to show these matters. While it would perhaps have been better for the court to have required this statement to be put in writing, yet plaintiff's objection was not put upon this ground.   And nowhere was the court asked to strike it out, or to direct the jury to disregard it.   In view of this record, there was no error in the proceedings of which plaintiff may justly complain. Defendant's counsel had the right to enlighten the court as to what he expected to prove by the witness, and unless objection was made to the oral statement thereof before the jury there was no error in not having the matter reduced to writing.

While counsel excepted to the proceedings, he gave no reason therefor, and under well-known rules the court was justified in disregarding the objections.   After the statement had been made, plaintiff's objection to the offered testimony was sustained, and the jury was thus in effect instructed to disregard it.

7. OBJECTION TO PROCEEDINGS.

While plaintiff's agent was negotiating the sale through defendant's board of directors, he presented to them, so it is claimed, a written recommendation signed by the treasurer of another telephone line to the effect that the telephones supplied by plaintiff for their lines were giving satisfaction and that he believed them equal to any telephone made, that they would ring and talk as far as any of equal size, and that the company would do as it agreed.   This, he testified, was

8. EXCLUSION OF EVIDENCE: harmless error.

read to every director present.  This recommendation was offered in evidence, but defendant's objection that it was incompetent, hearsay, and not rebuttal, was sustained.  Of this ruling complaint is made.  As bearing upon the question as to whether or not defendant relied upon the warranty given, this paper might well have been received in evidence.  For any other purpose the statement was incompetent and hearsay.  But as the witness, who conducted the negotiations, was permitted to state without objection that he read the guaranty contained in the catalogue to defendant's board, " and offered as evidence that our property was giving satisfaction a recommendation from the Kirkman people " [referring to the written letter of which we have spoken] there was no error.  It need not appear that the warranty was the sole inducement for the sale.  Even though to some extent he relied upon his own judgment or the statements of others, he may, nevertheless, rely upon a warranty, if that were one of the inducements to the sale.  *Forcheimer v. Stewart,* 65 Iowa, 593; *Powell v. Chittick,* 89 Iowa, 513. As the witness who made the sale for plaintiff admitted the making of some kind of a warranty and simply produced the letter of recommendation as evidence that plaintiff's phones were giving satisfaction, there was no prejudicial error in excluding the letter itself.  In no event could it have had any relevancy, save as it bore upon the question of defendant's reliance upon the warranty, and as to this plaintiff admitted that some kind of warranty was given to be relied upon by defendant's agents, and the only question was the nature and extent of that warranty.  The trial court instructed the jury that it must find that defendant's agents relied upon the warranty to make it binding upon the parties.  The record is such that no prejudice resulted from the exclusion of the letter.

Plaintiff asked that it be permitted to make tests of the phones in the presence of the jury under conditions which it claimed closely assimilated those existing where the

phones were to be used by defendant, but the court would not permit it. The universal rule is that it is within the discretion of the court to permit such experiments in the presence of the jury.

9. DEMONSTRATIVE EVIDENCE: discretion.

Such real or demonstrative evidence should not be permitted, unless the conditions are substantially similar, and this is a matter for the determination of the trial court. With its discretion and judgment thereon appellate courts rarely interfere. Elliott on Evidence, section 1252; *Ulrich v. People,* 39 Mich. 245; *Lake Co. v. Wugg,* 132 Ind. 168 (31 N. E. 564). Other rulings on the admission and rejection of testimony need not be considered, as they were either correct or clearly without prejudice to appellant. .

III. Defendants tested but fifty-two of the one hundred and four phones shipped it, and found each of these, as it claims, worthless. ·It never opened or tested the remaining fifty-two phones, and plaintiff claims that the contract was severable, and that under any theory of the case it was entitled to

10. SALES: breach of warranty: rescission.

recover the purchase price of the fifty-two phones which were not tested. It asked an instruction to this effect which was refused. In lieu thereof the trial court gave the following instructions: " 34. It appears from the evidence that the phones ordered under the contract in question in this case were to be used in extending the lines of the defendant company, and it appears from the evidence that uniformity was desirable in the instruments to be thus installed. Under such facts and cirumstances as are shown in the evidence in this case, the defendant company had the right to reject the entire number called for in the order without installation or test of the remaining phones, if the fifty-two phones installed and tested were rightfully rejected under the rules given you in this case."

This ruling presents the only debatable question in the case. On its face the order for the phones was severable, and the failure of one or more less than the whole to com-

ply with an ordinary warranty would not justify an entire rescission of the contract. *Dibol v. Minott,* 9 Iowa, 403; *Spear v. Snyder,* 29 Minn. 463 (13 N. W. 910). The record in this case, however, is peculiar. Fifty-two of the phones were never unpacked, received, or used by the defendant. Defendant installed fifty-two of those shipped it by plaintiff, and found that they would not work. It then notified plaintiff of the failure of the phones to work, and that it would not install any more until plaintiff remedied the defects in those in place. This was not done, and after waiting a reasonable time for the remedying of the defects, defendant rescinded the sale and offered to return all the phones. It is practically agreed that the phones were all alike and of one make, and according to the contract defendant had the right to rescind in case of breach of warranty. Under these facts there was no error in refusing the instruction and in giving the one asked. The breach of warranty affected the entire consideration, and in view of plaintiff's testimony that the phones were of one make and similar in all respects defendant did all that was required of it when it found that the fifty-two phones which it installed did not comply with the warranty. When plaintiff failed to make the phones already installed work in accord with the warranty after notice of the defects, defendant was not bound under this record to install the other phones to see if they would not work. The phones were purchased for use as a system, and defendant could not be held liable under the evidence for a single phone which might happen to work.

IV. Lastly, it is insisted that the verdict is without support in the evidence, and that there should have been a verdict for plaintiff. This was a jury question, and with its finding we are not disposed to interfere.

The record presents no prejudicial error, and the judgment is *affirmed.*