ALLEN v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Railroads**: UNSAFE OPERATION AND CONSTRUCTION OF: NOT EXCUSABLE BECAUSE CUSTOMARY. The usual custom or practice of railroad corporations in operating their roads, and constructing their machinery and buildings, cannot be ground of relief from liability for injuries sustained thereby by employes, if the custom or practice disregards the safety of employes, as required by law.

2. ———: NEGLIGENCE IN CONSTRUCTION OF CATTLE-CHUTE: EVIDENCE NOT ESTABLISHING. In this action, based upon the alleged negligence of defendant in the construction of a cattle-chute too near the track, whereby plaintiff, a brakeman, was injured, *held* that the evidence, (see opinion,) was not sufficient to establish the negligence of the defendant as alleged.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 10.

ACTION to recover for personal injuries sustained by plaintiff, who was a brakeman in the employment of defendant, and,

while in the discharge of his duties, was struck by a cattle-chute, located upon a side track of defendant's road, and thereby thrown to the ground under the cars, which ran over one of his legs, rendering amputation necessary. There was a judgment upon a verdict for plaintiff. Defendant appeals. The case has before been in this court. See 57 Iowa, 623.

*J. & S. K. Tracy*, for appellant.

*Dodge & Dodge*, and *Newman & Blake*, for appellee.

BECK, J.—I. The plaintiff sustained the injury which is the foundation of the action while engaged, with other train men, in taking cars from a side track upon which a cattle-chute was situated. It became necessary for him to pass the chute while upon a coal car, that he might be ready to go from the car at a proper place, in order to turn a switch. He stood upon the oil-box of the journal of a wheel, and supported himself with one hand, in the other holding his lantern. While in this position, the car passed the cattle-chute, which struck him, and knocked him to the ground, when the wheels of the car passed over his leg. The petition charges that defendant was negligent in constructing the chute too near the track; and the jury in a special verdict so found.

II. The defendant asked the district court to instruct the jury that, if the chute was constructed "at the usual distance from the track at which they are usually located on well regulated railroads generally," the defendant was not guilty of negligence. This instruction was refused, and an instruction requested by plaintiff was given, which presented the rule that, if the construction of the chute as to distance from the track conformed to the usual practice in the location of like structures, the defendant could not for that reason be found free from negligence. These rulings upon instructions constitute grounds of objection to the judgment urged by defendant. We think they are correct.

1. RAILROADS: unsafe operation and construction of: not excusable because customary.

The usual custom or practice of railroad corporations in operating their roads, and constructing their machinery and buildings, cannot be the ground of relief from liability for injuries sustained, if the custom or practice disregards the safety of the employes, as required by the law. In that case, it would simply be nothing more than negligence practiced habitually by the corporations. See *Hamilton v. The Des Moines Valley R'y Co.*, 36 Iowa, 31. In our opinion the rulings of the district court upon the instruction referred to are correct.

III. As we have before stated, the jury specially found that defendant was negligent in constructing the chute too near the side track, and thereon the general verdict for plaintiff was based. A motion for a new trial, upon the ground that the verdict is not supported by the evidence, was overruled. We think this ruling is erroneous. We cannot discover a particle of evidence tending to show defendant's negligence in the construction of the chute. The plaintiff does not himself testify that there was not sufficient room between the chute and car to have permitted him to ride between them in safety. On the contrary, it is proved by a number of witnesses that, upon repeated experiments, it was found that persons larger than the plaintiff, standing upon the journal boxes of cars, in the precise position occupied by plaintiff when he was struck by the chute, passed it without being touched. The plaintiff is five feet four inches high. One witness who made an experiment was six feet; another was five feet ten and a half inches high. Neither of them touched the chute in passing it. It is shown that another witness performed the experiment with a boy on his back, and he testifies that the space between the car and chute almost permitted him to lean out as far as the length of his arm would permit. It is also shown that the chute had stood in the same position for many years—ever since the road was built. There is no evidence tending to contradict the statements of the witnesses above mentioned,

*2. ———:*
*negligence in*
*construction*
*of cattle-*
*chute: evi-*
*dence not*
*establishing.*

or the conclusions properly deducible therefrom. It surely cannot be urged that the fact that plaintiff was injured tends to establish the negligence of defendant. It must be shown in some other manner. Surely no presumption of negligence on the part of defendant would arise in the absence of proof of plaintiff's care. But plaintiff does not show, even by his own testimony, that at the time he was struck he was exercising the proper care. He proves that he was not negligent in riding as he did upon the journal box, but he does not state, nor attempt to prove, that he rode thereon carefully, without leaning too far from the car. We are clear in the opinion that there was an utter absence of evidence tending to establish negligence on the part of defendant. The motion for a new trial should, therefore, have been sustained. Other points discussed by counsel need not be considered, as those above discussed are decisive of the case.

REVERSED.