Campbell v. Maher.

No. 12,093.

## CAMPBELL v. MAHER.

ARGUMENT OF COUNSEL.—*Comments on Change of Venue.—Misconduct Justifying Reversal of Judgment.*—Repeated comments of counsel for the defendant, in argument to the jury, sanctioned by a ruling of the trial court, on the fact that the plaintiff had taken a change of venue, is such misconduct as will justify a reversal, unless it appears that no harm resulted.

SAME.—The argument of counsel to the jury must be confined to the law and the evidence.

From the Pike Circuit Court.

*G. G. Reily* and *W. C. Niblack,* for appellant.

ELLIOTT, J.—In the course of his argument to the jury the counsel for the appellee said : " The record in this case shows that the plaintiff was not willing to try this case at his home in Daviess county, among his neighbors, but has brought the case to Pike county on a change of venue, among strangers." The appellant objected, and the court, as the record recites, " remarked that it was not improper for counsel to refer to matters which were disclosed by the record, since the whole record was before the jury, but that the argument of counsel had gone too far, and should be limited to the record." What followed is thus exhibited in the record : "And thereupon counsel for the plaintiff resumed his seat, and the counsel for the defendant again turned to the jury, and, resuming his argument, said : ' The court says I may refer to the record. Gentlemen, the record of this case shows that the cause was brought from Daviess county to this county on the motion of the plaintiff.' To which statement the plaintiff's counsel again objected, and again assigned in support of his objection the reasons assigned by him in support of the objection to argument of defendant's counsel herein above set out, but the court overruled said objection, to which the plaintiff's counsel excepted, whereupon the defendant's counsel again turned to the jury and said : ' Gentlemen of the jury, I have only stated to you what the record in this cause shows

Campbell *v.* Maher.

to be true, and the court has decided that I have a right to do this.' "

The trial court was unquestionably wrong in ruling that everything that appears in the record is the subject of argument to the jury, for there are many things which the record discloses that the jury have no right to consider. Juries, as every one knows, are sworn to try the case " according to the law and the evidence," and an argument must be confined to the evidence and the law. Where a party secures a legal right according to law, the fact that he has secured it can not be used to his prejudice. A change of venue is a legal right, and where it is awarded by the court in conformity to law, it can not be used to the prejudice of the party by whom it was obtained, nor can it be commented on in argument. It would be a perversion of law to permit the exercise of a legal right, under the order of the court, to be made the subject of consideration by a jury. We need not, however, discuss this question further, for it is settled against the appellee by authority. *Farman* v. *Lauman,* 73 Ind. 568.

The comments of counsel were not mere general, fugitive statements, but they were reiterated, and they were also sanctioned by the ruling of the court, so that there was a deliberate and emphatic presentation of an improper subject to the jury, and unless we can ascertain from the record that no harm resulted, we must reverse. The record does not enable us to declare that the appellant was not injured, for the case is a close one upon the evidence, and we can not say that the misconduct of the appellee's counsel did the appellee no injury. There are cases where a reversal will not be adjudged, although there is some misconduct in argument. *Shular* v. *State, ante,* p. 289, and authorities cited; " Misconduct of Counsel in Argument," 14 Cent. L. J. 406. This is not such a case.

Judgment reversed.

Filed Feb. 17, 1886.