Filed Sept. 15, 1892.

---

No. 539.

PARKE COUNTY COAL COMPANY v. BARTH.

MASTER AND SERVANT.—*Action for Personal Injuries.—Defective Passage-Way in Mine.—Contributory Negligence.—Complaint.—Knowledge of Defect.*—In an action by a coal miner against the company employing him to recover damages for injuries sustained by the falling of a large piece of slate upon him from the roof of an entry or passage-way through which he was passing, it appeared from the complaint that the plaintiff passed through the entry where the injury occurred when the passage was unlighted, and so dark that he could not see its condition, without providing any light for himself, and knowing that none had been provided by the company. The complaint further averred that the plaintiff was without fault.

*Held,* that it did not appear from the complaint that the plaintiff was chargeable with contributory negligence.

*Held,* also, that it was sufficient to allege that the plaintiff had no knowledge of the defect without alleging facts to show affirmatively that he had no means of ascertaining the defect.

SAME.—*Safe Premises for Work.—Employee's Duty as to Inspection.*—One who is engaged as a coal miner, to dig out coal in a mine, has a right to assume, in the absence of apparent defects, that a passageway provided in the mine by his employer, through which it is necessary for the employee to pass in going to and from his working place in the mine, has been constructed and is maintained with such skill, prudence and caution that it is safe for such use; and he is not bound to inspect it, or to search therein, for the purpose of discovering latent and hidden defects which render it dangerous for such use.

From the Parke Circuit Court.

*E. Hunt* and *A. M. Hadley,* for appellant.

*S. D. Puett, A. M. Adams* and *J. M. Johns,* for appellee.

BLACK, J.—The appellee, while in the appellant's employment, working as a coal miner in the appellant's mine, was injured by the falling of a large piece of slate upon him from the roof of an entry, or passage-way, through which he was passing from the bottom of the shaft to the "room" in which he worked in the mine in digging out coal.

A demurrer to the appellee's complaint was overruled.

We need not set out the entire complaint. The appellant, in argument, has referred specially to certain portions thereof, alleging, in substance, that on, etc., while the appellee was at work in the mine, it became necessary for him to pass through the entry leading from the bottom of the shaft to the room where the appellant had placed him at work; that in said way, in going to and from his work, it was dark and about forty feet under ground, " no light or other means of seeing the walls and roofing, except a small light from the shaft," which was so meager that " no one could see the condition of the roofing of the entrance and side entrance leading to the work as aforesaid, except the small lights that miners are compelled to use on their caps in their work; that plaintiff, having passed to and fro from his work to said shaft for —— days prior to said date, believed " that the appellant and its agents had the roofing secure and in good shape; that while appellee was in the discharge of his duties under said employment, and while at work in said mine, and passing from the place where he was at work, through the side entrance to the main entrance leading to the shaft, the roof of said entrance gave way and fell on the appellee, thereby bruising, etc.; that said falling of the roof occurred by reason of the defectiveness and unsafe condition of said roofing, " it being necessary, to make said entrance, roofing, etc., safe, to use props and other methods of supporting the roof, and the same being without the necessary and proper props and protections, and negligently in the unsafe condition that the same was; all of which was known to the defendants, who negligently and carelessly used said entrance

Parke County Coal Company *v.* Barth.

in their business, for the purpose of having their employees and laborers pass through and under to and from their work;" that the appellant knew that the roofing that fell on the appellee was unsafe and unprotected ; "that the defective and unsafe condition of said roofing was unknown to the appellee ; and that the falling of said roofing, and the injury to the appellee resulting therefrom, were without. any fault or negligence on his part," etc.

It is contended for the appellant, that it appears from the complaint that the appellee passed through the entry where the injury occurred when the passage was unlighted and so dark that. he could not see its condition, without providing any light for himself, and knowing that none had been provided by the appellant ; and that, therefore, it appears that the appellee was chargeable with contributory negligence. This is the only objection urged against the pleading.

If the special allegations of the complaint were merely insufficient of themselves to show the appellee's freedom from fault, the general averment that he was without fault rendered admissible evidence of any facts tending to establish its truth ; and the complaint containing such general averment was not objectionable for failure sufficiently to negative contributory negligence, unless the facts specially alleged clearly and necessarily showed that the appellee was chargeable with negligence contributing proximately to his injury. *Ohio, etc., R. W. Co.* v. *Hawkins,* 1 Ind. App. 213 ; *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298.

One who has entered as a servant into the employment of another is regarded as having assumed the risks ordinarily incident to the employment, and risks which are open and visible. The employer is bound to provide a reasonably safe place to work and reasonably safe appliances for carrying on the work. His duty extends to the exercise of reasonable care, not merely in providing proper premises, structures and appliances originally, but also in keeping them in a safe

condition.   He can not escape liability by delegation of the performance of this duty.   If injury result to the employee without his own fault, through negligence in providing or maintaining a place to work or appliances for work, the employer is responsible.

The employee is bound to be reasonably vigilant and to exercise his own skill and judgment to protect himself in the course of the employment.   In connection with the question as to the servant's duty in this regard, the nature of the employment should be taken into account, and it should be considered whether the work is of such a character that the employee may be expected to exercise great skill and a high degree of care or is such as is performed by a laborer who has a right to rely upon the superior knowledge, prudence and caution of the employer.

One engaged as a coal miner, to dig out coal in a mine, has a right to assume, in the absence of apparent defects, that a passage-way provided in the mine by his employer, through which it is necessary for the employee to pass in going to and from his working place in the mine, has been constructed and is maintained with such skill, prudence and caution that it is safe for such use ; and he is not bound to inspect it, or to search therein, for the purpose of discovering latent and hidden defects which render it dangerous for such use.   See Wood Master and Serv., section 326, *et seq.* ; *Reitman* v. *Stolte,* 120 Ind. 314 ; *Louisville, etc., R. W. Co.* v. *Graham,* 124 Ind. 89 ; *Cincinnati, etc., R. W. Co.* v. *Roesch,* 126 Ind. 445 ; *Taylor* v. *Wootan,* 1 Ind. App. 188 ; *Louisville, etc., R. R. Co.* v. *Berry,* 2 Ind. App. 427.

It is for risks existing through the employer's negligence that he is responsible.   If, with knowledge of a risk existing through the employer's negligence, the employee continues in the service, the risk thereby becomes an assumed risk.

In pleading, for the purpose, not of showing the absence of contributory negligence on the part of the employee, but of charging actionable negligence on the part of the em-

ployer by showing a risk existing through his negligence, and not assumed by the employee, it should be shown that the employee did not have knowledge of the risk. *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1 ; *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75 ; *Louisville, etc., R. W. Co.* v. *Sandford,* 117 Ind. 265 ; *Brazil Block Coal Co.* v. *Young,* 117 Ind. 520 ; *Louisville, etc., R. W. Co.* v. *Corps,* 124 Ind. 427 ; *Rogers* v. *Leyden,* 127 Ind. 50.

It is not necessary to allege facts showing affirmatively that the employee had no means of ascertaining the defect ; it is sufficient to allege that he had no knowledge of the defect. *Ohio, etc., R. W. Co.* v. *Pearcy,* 128 Ind. 197.

The fact that the appellee attempted to pass through the entry without providing for himself means to light it up, additional to those mentioned in the complaint, did not necessarily indicate contributory fault.

The complaint was not objectionable on the ground urged, and while some of its averments have not desirable directness, it appears to be sufficient on demurrer.

A motion for a new trial was overruled, and it is contended that the verdict was not sustained by the evidence.

We have examined the evidence, and we are unable to disturb the result reached in the court below.

Judgment affirmed.

Filed June 10, 1892; petition for a rehearing overruled Sept. 17, 1892.