Filed September 20, 1894.

———————◆———————

No. 1,191.

THE SALEM STONE AND LIME COMPANY v. TEPPS.

MASTER AND SERVANT.—*Knowledge by Master of Defective Machinery.*— *Knowledge Actual and Imputed.*—*When Sufficiently Alleged.*—*Case Distinguished.*—Where a servant is injured by reason of defective machinery, the master is chargeable not only with knowledge which he actually possessed, but also with that knowledge which, by the exercise of reasonable care and diligence, he might have acquired, and no specific allegation of failure to inspect is necessary to bring the question of imputed knowledge into the case. *Chicago, etc., R. R. Co.* v. *Fry,Admx.*, 131 Ind. 319, distinguished.

SAME.—*Respective Duties when Defect is Latent, When Obvious.*— Where the defect is open and obvious, both the master and servant are chargeable with notice of its existence, but where it is latent, they are not equally chargeable with knowledge of its existence, although they have equal opportunities to ascertain it; for it is the duty of the master (which it is not of the servant, unless expressly imposed by the terms of employment) to search for defects.

From the Washington Circuit Court.

*M. Z. Stannard*, for appellant.

*J. A. Zaring* and *M. B. Hottel*, for appellee.

GAVIN, J.—There was a trial and special verdict in this case. Appellant claims the right to a judgment on this verdict.

The complaint was by the servant against the master, for damages by reason of defective machinery. A general denial closed the issues.

The appellee was employed by appellants as a "stripper" in their quarry. It was a part of his duties to assist in moving a large steam drill which weighed 300 or 400 pounds, and rested on three legs, one of which had been, prior thereto, broken and cracked up in the socket; in helping to lift it the drill leg came down, and the drill fell on appellee.

The facts set forth in the special verdict show clearly and plainly that the appellee was free from fault, and that he had no knowledge of the defect.

Counsel's contention that no knowledge upon appellant's part is shown can not be sustained. The knowledge charged in the complaint includes both actual and constructive knowledge. The appellant is chargeable not only with that knowledge which it actually possessed, but also with that knowledge which, by the exercise of reasonable care and diligence, it might have acquired. No specific allegation of a failure to inspect was necessary to bring this question of imputed knowledge into

the case. *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156; *Parke Co. Coal Co.* v. *Barth,* 5 Ind. App. 159; *Lake Erie, etc., R. R. Co.* v. *McHenry,* 10 Ind. App. 525.

We find nothing in the decision of the case of *Chicago, etc., R. R. Co.* v. *Fry, Admx.,* 131 Ind. 319, which contravenes this holding. Whatever may be there held concerning the necessity of pleading want of inspection specially, must be limited to the peculiar case then under consideration, wherein a distinction is made between the duty owing from a railroad company with reference to those cars received by it from other roads simply to be forwarded, and those used by it in its own regular business.

That the defect in this instance might have been discovered by the exercise of reasonable diligence upon the part of appellant, is quite plain. The verdict is that the condition of the drill leg could have been discovered either by "taking hold of the leg and shaking it, with reference to ascertaining if it was loose in its socket," or by taking out a pin, and then taking out the leg itself, but that the appellant had made no examination or inspection for two years before the accident.

Neither can it be rightfully said that the appellee assumed the risk because his opportunity to discover the defect was equal to that of the appellant. It is true, that where a defect is open and obvious to both master and servant, both will ordinarily be chargeable with notice of its existence. *Evansville, etc., R. R. Co.* v. *Henderson,* 134 Ind. 636; *Swanson* v. *City of Lafayette,* 134 Ind. 625.

Where, however, the defect is latent, the master and servant are not equally chargeable with knowledge of its existence, although they may have equal opportunities to ascertain it. This is true for the very obvious reason

that the duties resting upon them to search for or discover it are not the same.

Both master and servant must exercise reasonable care, but reasonable care upon the part of the servant does not require of him an inspection to discover latent defects, while reasonable care upon the part of the master does require' such inspection from him. *Pittsburgh, etc., R. W. Co.* v. *Woodward,* 9 Ind. App. 169, *Wabash, etc., R. W. Co.* v. *Morgan,* 132 Ind. 430; *Matchett* v. *Cincinnati, etc., R. W. Co.,* 132 Ind. 334; *Lake Erie, etc., R. R. Co.* v. *Mugg, Admr.,* 132 Ind. 168; *Ohio, etc., R. W. Co.* v. *Pearcy,* 128 Ind. 197; *Bailey* v. *Rome, etc., R. R. Co.* (N. Y.), 34 N. E. Rep. 918; 14 Am & Eng. Encyc. of Law 854; *Parke Co. Coal Co.* v. *Barth, supra; Cincinnati, etc., R. R. Co.* v. *McMullen, Admr.,* 117 Ind. 439; *Louisville, etc., R. W. Co.* v. *Buck, Admr.,* 116 Ind. 566.

The defect in this case was admittedly a latent one. Where, by the terms of his employment the duty of inspection is expressly imposed upon the servant, a different rule would doubtless apply. Here there was no such duty resting upon the servant.

In our opinion, none of the objections urged by the appellant's learned counsel are tenable.

Judgment affirmed.

Filed September 26, 1894.