## Pennsylvania Company v. Newby.

[No. 20,436.   Filed January 11, 1905.]

1. Railroads.—*Cattle-guards.—Standard of Care.*—The standard of care in the maintenance of cattle-guards is not the care determined by the general usage of first-class railroads, but that which is provided by statute, that is, "suitable and sufficient to prevent" animals "from getting on such railroad." p. 110.

From Morgan Circuit Court; *John C. Robinson,* Judge, *pro tem.*

Action by William Newby against the Pennsylvania Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Samuel O. Pickens* and *Robert F. Davidson,* for appellant.

*O. Matthews,* for appellee.

GILLETT, J.—Action under §5323 Burns 1901, Acts 1885, p. 224, §1, to recover the value of two mules belonging to appellee, and killed on appellant's right of way. The question before us is presented by an assignment of error which draws in question the propriety of the action of the lower court in overruling a motion, made by appellant, for judgment on answers to interrogatories notwithstanding the general verdict.

1. The contention of appellant's counsel is summarized in their brief as follows: "A special finding that cattle-guards at a crossing were of the style in general use by first-class railroads shows a sufficient compliance with the statute requiring railroads to be securely fenced."

The question as to the sufficiency of a cattle-guard over which an animal has passed in getting on the right of way is ordinarily to be submitted to the jury, under appropriate instructions from the court. The statute is a police regulation, and at points where cattle-guards should be placed it is the duty of a railroad company, so far as it can do so consistently with its higher obligation to protect life and freight upon its trains, to provide "cattle-guards suitable and sufficient to prevent cattle, horses, sheep, hogs and other stock from getting on such railroad." It may be the law in negligence cases—at least as applied to cases involving the sufficiency of complicated pieces of mechanism, concerning which the jury is presumably without experience—that it is competent to introduce evidence concerning the general usage of others in a like situation, on the theory, as has been stated, that the fact that a usage or custom is general or universal tends to show its reasonableness. But at the furthest this would only be a matter of evidence. We need not advert to the settled rules concerning the answers to interrogatories which are sought to be used to overthrow the general verdict further than to state that as evidence might have been introduced under the issues which showed, notwithstanding such usage, that the cattle-guard in ques-

tion was insufficient in fact, we are bound to presume that evidence tending to show that fact was offered, and that the jury gave credence to such evidence. Whatever may be the rule as to the competency of evidence tending to show that the style of cattle-guard used by appellant was in general use by first-class railroads, it is not the law that the usage of such railroads fixes the standard of care. *Louisville, etc., R. Co. v. Wright* (1889), 115 Ind. 378, 7 Am. St. 432; *Lake Erie, etc., R. Co. v. Mugg* (1892), 132 Ind. 168; *Allen v. Burlington, etc., R. Co.* (1884), 64 Iowa 94, 19 N. W. 870; *Wright v. Boller* (1886), 42 Hun 77; *Malloy v. Township of Walker* (1889), 77 Mich. 448, 43 N. W. 1012, 6 L. R. A. 695; *G. C. & S. F. R. Co. v. Evansich* (1884), 61 Tex. 3; Lawson, Usuages and Customs, §172, p. 328; Black, Law and Pr. in Accident Cases, §193.

Judgment affirmed.

Jordan, J., did not participate.