## CITY OF COLUMBUS *v.* ALLEN.

[No. 5,978. Filed May 1, 1907. Rehearing denied June 28, 1907.]

1. MASTER AND SERVANT.—*Assumption of Risk.—Questions for Jury.*—Whether a risk is "apparent," "palpable," "open to common observation," "incident to the particular service," or discoverable "by the exercise of ordinary care" by the servant, is a question of fact for the jury. p. 260.

2. SAME.—*Assumption of Risk.—Knowledge.*—Assumption of the risk of a danger cannot always be presumed from the servant's knowledge of the danger at the time of the employment. p. 261.

3. SAME.—*Assumption of Risk.—Appreciation of Danger.*—A servant does not assume the risk of a defect unless he not only knows thereof, but appreciates the danger therefrom. p. 261.

4. SAME.—*Assumption of Risk.—Dangerous Occupations.—Knowledge.*—A servant, engaging to perform a dangerous work, impliedly assumes the ordinary risks of such work, and also assumes those risks of which he has the same knowledge or means of knowledge that the master has. p. 261.

5. SAME.—*Municipal Corporations.—Water-works.—Trenches.—Assumption of Risk.*—A servant set to work in a water-works trench, the sides of which consisted of soil and clay supported by a layer of sand and gravel, which did not appear dangerous to an ordinarily prudent man, does not, as a matter of law, assume the risk of the caving in of such sides, especially where the superintendent had taken no steps for the protection of servants therein. p. 262.

6. SAME.—*Water-works Trench.—Assumption of Risk.—Questions for Jury.*—Whether a servant assumed the risk of the caving in of a trench, in which he was set to work, because of the obvious dangers thereof, or whether care should have been exercised to prevent such caving in, are questions for the jury. p. 262.

7. SAME.—*Assumption of Risk.—Caving in of Trench.—Questions for Jury.*—Where a servant was set to work in a trench, by the superintendent of a city water-works, such superintendent having full control of the management and inspection of the work, and the trench was not braced and no signs of caving in were apparent, the question whether such servant assumed the risk of the danger from the caving in thereof was for the jury. p. 263.

8. DAMAGES.—*Excessive.*—Where the damages are not so great, considering the evidence, as to induce the belief that the jury acted from prejudice, partiality or corruption, the judgment will not be disturbed. p. 264.

9. EVIDENCE.—*Custom of Others.—Work in Trenches.*—Evidence of

the custom of others, in bracing or failing to brace trenches cut in defendant city's streets, is not admissible, in an action against such city for negligently failing to brace a trench in which plaintiff was set to work. p. 264.

From Jackson Circuit Court; *John M. Lewis*, Judge.

Action by George I. Allen against the City of Columbus. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. B. Cooper, W. H. Everroad* and *Frank Branaman,* for appellant.

*Francis T. Hord, James F. Cox* and *Clarence E. Custer,* for appellee.

Comstock, J.—Appellee sued the appellant to recover damages for an injury alleged to have been sustained by him in a trench while he was working for appellant in making connections of the water-mains of appellant's water-works system. The action was commenced and first tried in the Bartholomew Circuit Court, and a verdict rendered for the appellee. Appellant's motion for a new trial was sustained. The venue of the case was changed to the Jackson Circuit Court, in which court a trial before a jury resulted in a verdict and judgment for the appellee in the sum of $5,000.

The complaint is in one paragraph. Omitting introductory matter, it alleges, in substance, that on and before April 8, 1904, defendant owned and operated a system of water-works in the city of Columbus, used to supply the inhabitants of said city with water; that, in order to extend said system, defendant on said April 8, 1904, was engaged in extending the water-main, together with the necessary service-pipes thereto, along Fifth street from 'Franklin street to Mechanic street, and in excavating a trench in said Fifth street, together with branch trenches running at right angles with said main' trench, wherein to lay pipes in which to conduct water for delivery to additional consumers, and had a large force of men employed in the

prosecution of said work as common laborers, one of whom was plaintiff; that plaintiff was subject to the orders of said defendant, through its superior agent and superintendent, who had full authority over and charge of all the workmen, including plaintiff, engaged in excavating and opening said trench, and in laying and connecting said water-pipes; that on said day this plaintiff was ordered by his superintendent, Fremont Davis, to go down into one of said trenches for the purpose of assisting in making a connection of said pipes; that by the order of defendant, through its said superintendent, the earth taken from said excavation had been carelessly piled near the edge of the excavation, and said earth undermined by a "bell hole;" that defendant negligently failed to take any precautions to brace the sides of said trench or secure them from falling; that the character of the surface, soil and underlying strata rendered the same likely to cave in, which fact defendant knew; that plaintiff had been working where the soil was compact and hard; that he was ignorant of the dangerous conditions by reason of which he was injured, and went into said trench in obedience to the orders aforesaid, without knowing or appreciating the condition or danger likely to result therefrom; that he relied upon the care of said superintendent and defendant and proceeded to do the work assigned to him; that while thus engaged in said trench, by reason of defendant's negligence as aforesaid, the banks caved in and injured him.

The errors assigned are: (1) That the Bartholomew Circuit Court erred in overruling appellant's demurrer to the complaint; (2) the Jackson Circuit Court erred in overruling appellant's motion for a new trial.

It is ably and earnestly argued that the demurrer to the complaint should have been sustained because the facts disclosed show that appellee assumed the risk.

(1) In enumerating reasons supporting the claim, appellant asserts that in order to recover for defects in work-

ing places appellee was called on to establish three propositions: (a) That the appliance was defective; (b) that the master had notice, or knowledge, thereof, or ought to have had; (c) that the servant did not know of the defect, and had not equal means of knowledge with the master.

(2) When a servant enters upon an employment which is from its nature necessarily hazardous, he assumes all the usual risks and perils incident to the service.

(3) A servant is deemed to accept the risk, where he has the same knowledge or means of knowledge of the danger that the master has.

(4) The servant will be presumed to have knowledge of the defect or danger, where the defect or danger is so obvious and apparent as to be perceived by any one without making a special inspection.

(5) Obvious defects or dangers, open to the ordinary, careful observation, or such as are or should be known by the exercise of ordinary care, are assumed by the employe.

(6) Where the danger is obvious, the master is not liable, though the servant is acting under the directions of the master.

(7) General allegations of the absence of knowledge will be overcome by allegations from which it is evident that the servant must have known of the defects, or had the same means and opportunity for such knowledge as the master possessed.

Upon the subject of assumption of risk, Dowling, J., speaking for the court, in *City of Ft. Wayne* v. *Christie* (1901), 156 Ind. 172, 176, gives a summary of the expressions of the court, so fair and discriminating that we feel justified in setting it out: "The rule that a servant assumes such risks of his employment as are apparent, or are incidental to it, is to be considered in connection with the more general principle which requires that the master shall provide for the safety of his servant. In referring to risks which are assumed by the servant, the

courts have often described them as 'apparent,' or 'palpable,' or 'open to common observation,' or as 'risks and perils commonly incident to the particular service,' or 'perils which could be discovered by the exercise of ordinary care.' . But, in every instance, the question whether the risk is visible, palpable, commonly incident to the particular service, or discoverable by the servant by the exercise of ordinary care, is one of fact, and not of law, and is to be determined by the jury and not by the court. The same is true·as to the servant's knowledge of the dangers of his employment, and whether, either expressly or impliedly, he contracted to run the risk. It may be observed that an agreement on the part of the servant to assume the risk cannot, in all cases, be presumed from mere knowledge of its existence. *Consolidated Stone Co.* v. *Summit* [1889], 152 Ind. 297. It is only where the person injured, knowing and appreciating the danger, voluntarily encounters it, that such knowledge is a defense.'' And see *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541. The questions presented in this appeal are substantially decided in *City of Ft. Wayne* v. *Christie, supra.* In the case last named the court comments on a number of Indiana cases cited by appellant in each of which the complaining party was injured in digging in a gravel bank or under unsupported embankments, and holds that they do not apply when the appellee enters a trench without appreciating the condition thereof.

Referring in further detail to the ·specifications upon which appellant bases the defense of assumption of risk, it is proper to say that the proposition, that when a servant enters upon an employment which is from its nature necessarily hazardous, he assumes all the risks and perils incident to the service, will not be controverted, nor where the servant has the same knowledge or means of knowledge of the danger that the master has. But we cannot admit the existence of such conditions in the case at bar. An inspec-

tion would have disclosed the weakness. Appellee could have seen that the walls were not braced; but he had the right to assume that appellant, by the exercise of ordinary diligence, had concluded that braces were not necessary. Obedience to the orders of the master is the duty of the servant, and in so doing he does not assume the risk, unless the danger is so obvious that a prudent person would not encounter it. The complaint does not disclose that the danger was so apparent as to be perceived by any one without an inspection. The failure of the appellant to adopt some measure for the protection of the laborers would indicate that the danger was not obvious.

General allegations will be overcome by particular averments. Such controlling particular averments do not appear in the complaint before us. Appellee was not engaged in digging in the part of the trench at which he received his injury. He had worked in the main trench where the formation made the sides safe without support. When injured he was engaged, not in digging the trench, but in assisting in making a connection of the water-pipes, under the order of appellant's superintendent.

A distinction is made between cases in which the negligence of the workman coöperates in making his own working place dangerous and those in which the place is made dangerous by others. In the case at bar appellee had not had anything to do with the preparation of the trench or making of the "bell hole" at the place of his injury.

Whether the defect was obvious to the plaintiff, whether precautions should have been exercised against the falling of the bank, were questions of fact to be determined by the jury. *Kranz* v. *Long Island R. Co.* (1890), 123 N. Y. 1, 25 N. E. 206, 20 Am. St. 716; *O'Driscall* v. *Faxon* (1892), 156 Mass. 527, 31 N. E. 685; *City of Ft. Wayne* v. *Christie, supra,* and cases cited; *Salem Stone, etc., Co.* v. *Tepps* (1894), 10 Ind. App. 516, and cases cited.

Appellant insists that the motion for a new trial should have been sustained upon the ground that the evidence shows that appellee assumed the risk. In this claim 7. we can not concur. While upon some questions there is some conflict, there is evidence fairly tending to support every material allegation of the complaint. In brief, the evidence shows that appellee was at work as a common laborer for the appellant corporation, in the extension of its water-pipes in the streets of said city of Columbus; that he was under the direction of appellant's superintendent, who had full control of the management and inspection of the work then being performed and of all the employes; that said superintendent directed appellee to connect a lateral with the main trench of pipes, designated the place at which the work was to be done, and which place had been prepared by other employes of the appellant, under the direction of said superintendent; that appellee had not worked in the side trench prior to the time of the accident; that the sides of the trench at this point were not protected by braces, and the appellant had made no inspection of the same to ascertain whether they were needed; that appellee saw no evidence of weakness in the sides of the trench or in the walls at the place where he was attempting to make the connection; that appearances indicated safety, and without any particular inspection, under the orders of the superintendent and while attempting to comply therewith, appellee was injured, without any fault or negligence upon his part. In the trench in which he had worked the soil was compact and adhesive, and there was no necessity to brace the walls; in the lateral trench the soil was of a different quality. To quote from appellee: "I did not think it was dangerous because I did not know. Mr. Davis told me to go down in and work, and I was doing what he told me. I supposed he knew." The question of assumption of risk under the facts was clearly one for the jury. *Kranz* v. *Long Island R. Co., supra; O'Driscall* v.

*Faxon, supra; City of Ft. Wayne* v. *Christie, supra; Salem Stone, etc., Co.* v. *Tepps, supra.*

It is claimed that the damages assessed are excessive. They are not so great, in view of the evidence, as to induce the belief that the jury acted from prejudice, partiality, or corruption. We are not therefore authorized, under numerous decisions, to disturb the judgment. *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535, and cases cited.

Howard Lee, a witness introduced by the appellant, and who testified that he had resided at Columbus, was a general contractor, and had been engaged in making sewers, grading streets, and doing cement work for fourteen years, most of which work had been done in the city of Columbus, was asked the following question: "I will ask you, Mr. Lee, in places where there were five or four and one-half feet of soil and clay and from six to ten inches of gravel, what has been your custom of putting in bracing or curbing?" Objection being made to the question, from the record it appears: "The defendant offers to prove that the witness, who was a competent witness, if permitted to testify, will testify that he has been engaged in general contracting, and especially in the construction of sewers in the city of Columbus; that he is acquainted with the character of the soil in the different parts of the city to a depth of from one to twelve feet, and in all of his work where the ditches and trenches have not been more than five feet, four and one-half feet of it has consisted of soil and clay, and the bottom part of gravel and sand to an additional depth of from eight to ten inches; that he has never found it necessary to curb or brace to avoid accident, and further, that in all his work done in that manner, without bracing, he has had no accidents by the caving in of the banks of such ditches or trenches." The court sustained appellee's objection to this question, to which the

appellant excepted, and its exclusion is made one of the reasons in the motion for a new trial.

Frank H. Seward, a witness introduced by the defendant, testified that he was in the business of plumbing and steam heating; that he lived in the city of Columbus, was a member of the city council, chairman of the water-works committee, and as chairman of the water-works committee it was his duty to supervise the construction of the water-mains and laterals over certain of the streets in said city; that while performing his duties he took occasion to examine the ditches that were dug on Fifth street, and he saw the ditch in which the appellee was injured. He was asked the following question: "Now, Mr. Seward, you say you saw the way the water-mains and laterals were being put in on Fifth street at the time Mr. Allen was hurt. You may state if the work was done in the usual and ordinary way that it had been done by the city before that time?" The question being objected to, the record shows that "the defendant offered to prove that the witness Frank Seward, who is a competent witness, if permitted to testify, will testify that on April 8, 1904, he was chairman of the water-works committee of the city of Columbus, and as such had general supervision of the construction of the water-mains in that city; that a great deal of work of that character had been done in that city, and he was acquainted with the way in which the work was done at the point where the plaintiff is alleged to have been injured; that the work was done in the usual manner and customary way the same kind of work had heretofore been done." The court sustained the objection to this question, and this ruling is made one of the reasons in the motion for a new trial. There was no reversible error in these rulings. If it was negligence to fail to brace the sides of this trench—and the jury have so found—then if the work was done in the usual and ordinary way that it had been done by the city before that time, that fact would not have relieved the city from lia-

bility. Persistent negligence would be no excuse; nor would the custom of a contractor as to putting in braces or curbing defeat the rights of appellee. *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 7 Am. St. 432; *Hinckley* v. *Barnstable* (1872), 109 Mass. 126; *Avery* v. *Nordyke & Marmon Co., supra; Washington Tp., etc., Co.* v. *McCormick* (1898), 19 Ind. App. 663; *Indiana, etc., Gas Co.* v. *New Hampshire Fire Ins. Co.* (1899), 23 Ind. App. 298.

Judgment affirmed.