## VANDALIA COAL COMPANY v. PRICE, ADMINISTRATOR.

[No. 21,733. Filed February 16, 1912. Rehearing denied November 22, 1912.]

1. MASTER AND SERVANT.—*Injury to Servant.—Assumption of Risk. —Knowledge of Danger.*—Assumption of risk, as a defense against actionable negligence, depends wholly on the servant's knowledge, actual or constructive, of the existence of danger, and in the absence of such knowledge there is no assumption. p. 552.

2. MASTER AND SERVANT. — *Injury to Servant. — Complaint. — Assumed Risk.*—In an action for death of a servant, paragraphs of complaint averring that decedent had no knowledge of the dangers alleged, sufficiently charged that he had not assumed the risk. p. 552.

3. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Conclusions.*—Where in an action for the death of a servant, paragraphs of complaint alleged sufficient facts to charge actionable negligence, they were not defective in that some of the allegations were statements of conclusions rather than facts. p. 552.

4. MASTER AND SERVANT.—*Injury to Servant.—Liability of Master. —Knowledge of Defect.—Complaint.*—A master is not liable to his servant for injuries caused by the unsafety of the working place, unless the master had knowledge, actual or constructive, and such knowledge must be pleaded. p. 552.

5. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Allegation of Master's Knowledge of Defects.—Sufficiency.*—In an action for the death of a servant, paragraphs of complaint averring facts that necessarily imply that the master had notice, either actual or constructive, of the defects complained of, are sufficient without a direct averment of such knowledge. p. 553.

6. MASTER AND SERVANT.—*Injury to Servant.—Concurring Negligence.—Proximate Cause.—Instruction.*—In an action for the

death of a servant, an instruction that if the servant's injury was caused by the concurrent negligence of defendant and that of decedent's fellow servants, a recovery by plaintiff would not be barred, if it was shown that defendant was guilty of the negligence charged in the complaint and that such negligence caused the injury, was not erroneous.   p. 553.

7.   MASTER AND SERVANT.—*Injury to Servant.—Negligence.—Construction of Coal Mine.—Custom and Experience.—Evidence.—Instruction.*—While evidence of the customary methods in general use for the construction of mine entries is admissible and should be considered by the jury in determining the question of whether defendant was negligent in the construction as charged, such evidence is not conclusive, and an instruction that if defendant, in constructing its entry, was guilty of the negligence charged, the fact that it was constructed in the usual and ordinary way followed in other mines would not of itself be a complete defense against such negligence, was correct.   p. 554.

8.   APPEAL.—*Review.—Instructions.—Applicability to Evidence.*—In an action for the death of a coal mine employe, where evidence showing that the day before the injury defendant's superintendent made an inspection of the entry, which was 1,000 feet long, five feet high and six or seven feet wide, and contained more than 1,000 pieces of timber, and that he carried a miner's lamp and consumed from ten to fifteen minutes in making the inspection, might justify an inference that the inspection was only casual, so that an instruction that where an inspection was relied upon to absolve the employer from liability it must include a reasonably careful examination made with a view of discovering defects, if any, and that a "mere casual observation" will not suffice where it is necessary to examine closely in order to determine the true condition of the place, was applicable to the evidence.   p. 555.

9.   APPEAL.—*Review.—Harmless Error.—Refusal of Instructions.*—Where the instructions given fully and fairly informed the jury concerning every element of appellant's defense warranted by the pleadings and evidence, appellant was not harmed by the court's refusal to give instructions tendered.   p. 556.

10.   APPEAL.—*Review.—Misconduct of Attorney.—Action of Court.*—Where, in an action for the death of a servant, plaintiff's counsel improperly stated in argument that defendant had its men insured and that the agents of the insurance company had been present at the trial, such misconduct, though deserving a severe reprimand, was not cause for reversal, where plaintiff's verdict was not excessive, and the trial court told the jury that if defendant's men were insured that fact would not affect the plaintiff's right to recover one way or the other.   p. 557.

11. APPEAL.—*Review.*—*Misconduct of Attorney.*—Where, in an action for the death of a servant plaintiff's counsel was guilty of misconduct in argument, by stating that defendant had its men insured and that insurance agents had been present at the trial and the court told the jury that if defendant's men were insured, that fact could not affect plaintiff's right of recovery one way or the other, defendant cannot complain of the trial court's failure to more fully admonish the jury as to such misconduct, where defendant requested nothing except the setting aside of the submission and the discharge of the jury. p. 558.

12. APPEAL.—*Review.*—*Briefs.*—*Permitting Appellee to File Additional Brief.*—Where appellee was granted leave to file an additional brief after appellant's reply brief had been filed, such brief will not be stricken from the files on appellant's motion on the ground that it was filed contrary to Rule 21 of the Supreme Court. p. 558.

13. NEW TRIAL.— *Grounds.*— *Interrogatories.*— *Answers.*— The insufficiency of evidence to support the jury's answers to interrogatories is only properly assignable as a cause for a new trial where the answers are irreconcilable with the general verdict, thereby necessitating judgment on the answers. p. 559.

From Monroe Circuit Court, *James B. Wilson,* Judge.

Action by Ival O. Price as administrator of the estate of Archibald Aikman, deceased, against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ulric Z. Wiley, Charles E. Barrett, Duncan & Batman* and *Arthur H. Jones,* for appellant.

*Henry W. Moore* and *Oscar E. Bland,* for appellee.

MORRIS, C. J.—Appellee Price, as administrator, instituted this action against appellant, for damages for personal injuries to appellee's decedent, which resulted in his death.

The complaint was in five paragraphs, to each of which a demurrer was addressed and overruled, and appellant filed an answer of general denial. The trial resulted in a verdict and judgment for appellee in the sum of $7,500. A motion for a new trial was overruled. Appellant assigns as error, among others, the action of the lower court in overruling its demurrer to each paragraph of complaint.

The action, as disclosed by each paragraph, is based on a common law liability. Each paragraph is very long. The first alleges, in substance, that appellant is a corporation, and was operating a coal mine, consisting of a shaft from the surface of the earth to a bed of coal, and of entries from the shaft through the coal, from which entries rooms are turned, and from which rooms appellant was engaged in mining and hauling coal; that on November 12, 1907, appellee's decedent was employed by appellant, in the capacity of a driver of a motor-car through the mine entries, to haul coal; that among the roadways in the mine was one known as the "main north entry", running north from the shaft, from which main entry branched off eastwardly certain other entries, one of which was known as the "first east entry"; that appellant had then, and long prior thereto, an electric hauling system for pulling cars of coal to the shaft; that said system consisted of wires running along the entries, charged with strong electric currents, and connected to the wires and running on the entry tracks were large electric engines which hauled the cars of coal; that decedent, acting as such motor engineer at said date, was running a motor backward and forward through the north and first east entries; that he was not a regular engineer, but, on appellant's order, was acting as substitute for the regular engineer; that at that time, and for many months prior thereto, said first east entry was defective and dangerous for the following reasons: it had been constructed too narrow; in its construction, appellant had negligently placed legs, supporting the cross-ties designed to keep the roof from caving in, within thirteen inches of the track rails; that in said construction, appellant had negligently placed one of said cross-ties, designed to support the roof of the entry, loose, on the top ends of the upright legs leaning against the walls, and negligently failed to use any wedge, spike, nail or other device to hold the cross-tie firmly on the legs, and failed to fasten the legs in any manner, by braces or

otherwise; that the roof cross-tie was about eight inches square, and had no support except the legs, on which it lay unfastened; that the negligent construction was permitted to remain, without alteration, until the time of the accident, and appellant had full knowledge of all the above facts, and appellee's decedent was wholly ignorant thereof; that on said date decedent was ordered by appellant to drive a motor, attached to loaded cars of coal, through said first east entry; that, pursuant to appellant's order, decedent did haul the loaded cars; that the cars stuck out on each side of the track as much as thirteen inches; that on said date, and prior thereto, said cars bumped against said legs supporting said loose cross-tie, and without any fault of decedent, said cars, after the motor had passed said legs, struck against the leg on the north side of the entry, and knocked it down, and thereby dislocated the cross-tie, which, after being dislocated, hung across the entry, remaining fastened at the upper south end, and wedged against the roof at that end, but the other end of the tie hung near and just above the rails; that on the return trip, riding on the motor with his back to the east, and his hands on the lever controlling the motor, which position was assigned him by appellant, and while in the exercise of due care, decedent ran against said cross-tie, and was caught between it and the top of the motor, and sustained fatal injuries; that decedent, on his return trip, could not and did not, because of dim light, see the hanging cross-tie in time to avoid the accident; that as soon as he did see, or could have seen, the tie, he shut down the motor, but the momentum thereof was such that it continued running until after decedent was injured. It is also averred that appellant negligently failed sufficiently to light the entry where the accident occurred, and sufficiently to light the electric motor.

The second paragraph of complaint contains substantially the same allegations as the first, and the further charge that appellant negligently constructed the legs which supported

the loose cross-tie so that the latter was lower than the other cross-ties, and was too low, and, by reason thereof, loaded cars of coal passing thereunder rubbed against and displaced it.

The third paragraph contains substantially the same allegations as the first, with the exception that the specific negligence therein charged is that appellant, in the construction of the entry, left a cross-tie resting loosely on top of legs, six inches in diameter, which stood up alongside the edge of the entry; that the cross-tie was in no way fastened to the legs, and that cars running over the track jarred one end of the tie loose, so it fell near the rail.

The fourth paragraph contains substantially the same allegations as the first, except that, in addition to the charge of negligence in the construction and maintenance of the loose cross-tie, it further alleges that the track was constructed and maintained on an uneven and rolling surface, so that cars running at ordinary speed, rocked, "one end up, and one end down." It is alleged that because of the negligent construction and maintenance, the vibration of the running cars caused the displacement of the loose cross-tie. This paragraph fails to charge appellant with knowledge of the defective construction and maintenance.

The fifth paragraph contains the same substantial allegations as the first, except that the negligence charged in this paragraph consists of (1) insufficient lighting of the entry; (2) the alleged fact that the track was constructed and maintained on an uneven surface, so that the cars loaded with coal bounced and rocked, and sometimes caused lumps of coal on top to strike the cross-ties; (3) the loose construction and maintenance of the cross-tie that fell, as alleged in the first paragraph. It is alleged that the cross-tie was displaced because it was struck by a piece of coal on top of a car, which was bouncing and rocking. This paragraph contains no allegation that appellant knew of the existence of either of the three defects charged.

Appellant claims that the first, second and third paragraphs of complaint are insufficient, because of lack of proper averments to show that the risk of danger was not assumed by decedent.

Assumption of risk, as a defense against actionable negligence, depends wholly on the servant's knowledge, actual or constructive, of the existence of danger, and in the absence of either actual or constructive knowledge there is no assumption. 1 Labatt, Master and Servant 638; *City of Fort Wayne* v. *Christie* (1901), 156 Ind. 172, 59 N. E. 385; *Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 96 N. E. 321. Here, it is averred in each of the first three paragraphs, in express terms, that decedent had no knowledge of the dangers alleged. The above paragraphs are also criticised, because, it is claimed, conclusions, rather than facts, are stated, and *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 76 N. E. 163, is cited in support of the proposition. The rule stated in that case, that the absence of facts to sustain the pleader's conclusion would render the pleading insufficient, is not open to controversy; but sufficient facts are alleged in each of the three paragraphs to charge actionable negligence. There was no error in overruling the demurrer to the above three paragraphs. It is contended by appellant that neither the fourth nor the fifth paragraph is sufficient to repel a demurrer, because neither alleges knowledge, by appellant, of the defects complained of.

It is settled beyond controversy that a master is not liable to his servant for injuries caused by the unsafety of the working place, unless the master had knowledge, actual or constructive, of the danger or defect, and such knowledge must be pleaded. *Malott* v. *Sample* (1905), 164 Ind. 645, 74 N. E. 245, and cases cited; 26 Cyc. 1390.

But a direct averment of knowledge, actual or constructive, is unnecessary where the facts that are averred are such

as necessarily imply such notice. *Pennsylvania Co.* v.

5. *Sears* (1894), 136 Ind. 460, 34 N. E. 15, 36 N. E. 353;

*Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 5 N. E. 187; *Cleveland, etc., R. Co.* v. *Lindsay* (1904), 33 Ind. App. 404, 70 N. E. 283, 70 N. E. 998; *City of Huntington* v. *Burke* (1899), 21 Ind. App. 655, 52 N. E. 415; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197, 27 N. E. 479.

Each paragraph alleges negligent defects in the original construction of the track, and in the loose placing of the cross-tie, which occurred several months before the accident, and that after the construction the defects had not been remedied. Appellant was legally bound to take notice of such facts, and of the further fact, that vibrating and rocking of cars will result when they run over an uneven track.

In the fifth paragraph there is the added averment that appellant was negligent in failing sufficiently to light the entry. Conceding that this omission was defectively alleged, because of the failure to aver appellant's knowledge thereof, the paragraph is still sufficient, in respect to averments of appellant's knowledge, to repel a demurrer, because it does allege, by necessary implication, appellant's notice of the other negligent omissions. Other objections are urged against the fourth and fifth paragraphs, but we think each was sufficient to repel a demurrer.

The court instructed the jury that if the injury was caused by the concurrent negligence of defendant and that of decedent's fellow servants, a recovery by plaintiff would not be barred. Appellant objects to the instruction, because, as contended, it fails to state that if the negligence of a fellow servant was the moving, direct and proximate cause of the injury, without which the accident would not have happened, appellant would be absolved from liability. In the instruction, the jury was informed that appellant would be liable for its negligence concurring

with that of the fellow servant, when it is shown that the "employer was also guilty of the negligence declared upon in the complaint, and that such negligence proximately caused the injury."

It may be conceded that if appellant did nothing more than furnish the condition by which the injury was made possible, and the act of the fellow servant immediately caused the injury, and the act was such as the master, in the exercise of reasonable diligence, could not have anticipated, the latter would not be liable; but this would be because the condition furnished by the master was not the proximate cause of the injury. This instruction, however, requires, as a condition precedent to appellant's liability, that it must have been concurrently guilty of negligence, which was the proximate cause of the injury. The instruction was not erroneous.

The court, by instruction fifty-five, informed the jury that certain evidence admitted, tending to prove that the entry in question was constructed in the usual way that 7. entries in other mines are constructed, might be considered in determining the question of defendant's negligence, but if defendant was guilty of the negligence charged, with reference to the construction in question, then the fact, if it be a fact, that this entry was constructed in the usual and ordinary way followed in other mines, would not, of itself, be a complete defense against such negligence. Appellant claims that the instruction was erroneous, because appellant's care was measured by the custom and experience gained in operating mines of like character.

This position is sustained by authority in many other jurisdictions, but the rule recognized in this State is that evidence of customary methods in general use is admissible, and such evidence should be considered by the jury in determining the question of the particular negligence charged, but such evidence is not conclusive. *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E.

337, and cases cited; *Pennsylvania Co.* v. *Newby* (1905), 164 Ind. 109, 72 N. E. 1043; *Lake Erie, etc., R. Co.* v. *Mugg* (1892), 132 Ind. 168, 31 N. E. 564; *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 16 N. E. 145, 17 N. E. 584, 7 Am. St. 432; *City of Columbus* v. *Allen* (1907), 40 Ind. App. 257, 81 N. E. 114; *Anderson* v. *Fielding* (1904), 92 Minn. 42, 99 N. W. 357, 104 Am. St. 655; 26 Cyc. 1108; *Allen* v. *Burlington, etc., R. Co.* (1884), 64 Iowa 94, 19 N. W. 870.

In *Chicago, etc., R. Co.* v. *Moore* (1909), 166 Fed. 663, 92 C. C. A. 357, 23 L. R. A. (N. S.) 962, in an opinion delivered by Van Devanter, circuit judge, it was said: "The ultimate and controlling test of the exercise of reasonable care is, not what has been the practice of others in like situations, but what a reasonably prudent person would ordinarily have done in such a situation. The law is not so unreasonable as to afford no test where there has been no practice by others with which the conduct in question can be compared; nor does it permit common sense and reason to lose their sway because, through ignorance, inattention, or selfishness, an unreasonable practice has revailed." The instruction was not erroneous.

In instruction fifty-seven the court informed the jury that where the employer relies on an inspection to absolve him from liability, the inspection must include a rea-

8. sonably careful examination, made with a view of discovering defects, if any, and that a "mere casual observation" will not suffice where it is necessary closely to examine, in order to determine the true condition of, the place. It is claimed that there was no evidence to which the portion of the instruction relating to the "mere casual observation" was applicable. Appellant relied on an inspection made by its superintendent on the day before the accident. The superintendent was the only witness on this matter. He testified that the entry was 1,000 feet long, about five feet high, and six or seven feet wide. The rails of the

electric road were laid on cross-ties on the floor of the entry. A trolley-wire was fastened to the timbers. The cross-bars supporting the roof of the entry rested on legs. The cross-bars were about two feet apart. In making the inspection he walked slowly along the 1,000-foot entry, carrying in his hand a miner's lamp. He looked at the timbers, but did not discover any loose ones. Ten to fifteen minutes were consumed in the inspection. The entry must have contained more than 1,000 pieces composing the cross-bars and their supports. Inspecting these, together with the ties, rails and trolley-wire of the railway, in an entry five feet high, using a lamp for light, in the space of ten to fifteen minutes, might justify the inference that the inspection was only casual. The instruction was applicable to the evidence.

Appellant tendered fifty instructions, thirty of which were given. Complaint is made of the refusal to give fourteen of those requested. The latter are very long. It would 9. require several pages in which to set out their substance. We have carefully examined them with reference to the objections urged, and have come to the conclusion that the court did not err in refusing them.

The court gave forty-two instructions, some of which contained more than a full page of closely type-written matter. The instructions given fully and fairly informed the jury concerning every element of appellant's defense warranted by the pleadings and evidence, and we are convinced that appellant was not harmed by the refusal to give any instruction.

Appellant contends that the undisputed evidence shows its freedom from negligence, or, at least, decedent's guilt of contributory negligence. We have carefully examined the evidence. Without setting out the facts, it is sufficient to say that the verdict, in finding defendant guilty of negligence, and in finding decedent free from contributory negligence, is sufficiently supported by the evidence given.

One of appellee's counsel, in his closing argument to the

jury, stated that "the defendant had its men insured; that the agents of the insurance company had been present at the trial, sitting with counsel." Counsel for appellant proceeded to object, whereupon appellee's counsel asserted there was evidence of such facts before the jury. Appellant thereupon moved to set aside the submission of the cause and discharge the jury. This motion was overruled, and thereupon the court stated to the jury that it did not make any difference in this case whether the men were insured or not, as that fact would not affect one way or the other the plaintiff's right to recover. Defendant excepted to the action of the court, but did not request any further admonition or instruction. Appellant contends that this misconduct of plaintiff's counsel constituted error that could not have been cured by any admonition or instruction, and in support of its position cites *Loughlin* v. *Brassil* (1907), 187 N. Y. 128, 79 N. E. 354; *Wiersema* v. *Lockard & Strickland Co.* (1909), 147 Ill. App. 33; *Lone Star Brewing Co.* v. *Voith* (1905), 84 S. W. (Tex. Civ. App.) 1100; *Manigold* v. *Black River Traction Co.* (1903), 80 N. Y. Supp. 861, 81 App. Div. 381; *Kerr* v. *National, etc., Mfg. Co.* (1908), 155 Mich. 191, 118 N. W. 925, and other cases.

It does appear from the evidence, as an incident merely, that within a few hours after the accident, an insurance agent was at the place of injury. It might possibly be inferred from the evidence that representatives of some insurance company were present at the trial and assisted in the defense. These facts, however, lent no excuse for the statement of appellee's counsel. There may be many things in the record that are not proper subjects for argument to the jury. *Campbell* v. *Maher* (1886), 105 Ind. 383, 4 N. E. 911; *Rudolph* v. *Landwerlen* (1883), 92 Ind. 34; 38 Cyc. 1497.

The statement was wholly improper under any aspect of the evidence, and justified a severe reprimand by the trial court. No doubt in most cases the effect of remarks of such nature cannot be cured by any instruction or admonition of

the trial court. Where, as here, the defendant was a corporation, shown by the evidence to operate a great number of mines, such remarks are not usually calculated to influence the jury to the same extent as if defendant were an individual. *Loughlin* v. *Brassil, supra.* Moreover, it is not claimed by appellant that the verdict was excessive. The defense was that there was no liability. Assuming that defendant was liable, it could scarcely be contended that the amount of the verdict was excessive, for decedent was only twenty-six years old, was industrious and economical, earned a little more than $3 a day, and left a widow and three children, the latter ranging in age from nine days to four years. In *Campbell* v. *Maher, supra,* this court said: "The record does not enable us to declare that the appellant was not injured, *for the case is a close one upon the evidence.*" (Italics ours.)

The case here is not a close one on the evidence, but, on the contrary, the verdict was fully supported by the evidence, and in view of this and the facts above noted we are constrained to hold that the misconduct of counsel, though entirely inexcusable, does not justify a reversal of this judgment.

While we think the trial court might well have admonished the jury more fully, and that it should also have administered a reprimand in terms commensurate with the misconduct, appellant is in no position to complain of such failure, because it requested nothing except the setting aside of the submission and the discharge of the jury.

11.

Appellee, after the filing of appellant's reply brief, filed an additional brief, after first obtaining permission from this court so to do. Appellant filed a motion to strike appellee's additional brief from the files, because, it alleges, this court overlooked Rule 21 of this court in granting appellee the privilege of filing the additional brief. Without stating the reasons for which this court granted

12.

appellee leave to file the additional brief, it is sufficient to say that on a review of the matter we think there was no error in such action, and consequently appellant's petition to strike the additional brief from the files is overruled.

Finally, appellant contends that the judgment should be reversed, because, it claims, the jury's answers to certain interrogatories submitted were not supported by any evidence. In its motion for a new trial appellant assigned the above as a reason therefor, specifying the particular answers that were claimed to be unsupported by any evidence.

Such insufficiency of evidence is only properly assignable as a cause for a new trial where the answers are irreconcilable with the general verdict, thereby necessitating judgment on the answers. *Sievers* v. *Peters Box, etc., Co.* (1898), 151 Ind. 642, 656, 50 N. E. 877, 52 N. E. 399.

There is no error in the record which calls for a reversal of the judgment  Judgment affirmed.

NOTE.—Reported in 97 N. E. 429. See, also, under (1) 26 Cyc. 1196; (2) 26 Cyc. 1397; (3) 26 Cyc. 1386; (4) 26 Cyc. 1142; (5) 26 Cyc. 1390; (6) 26 Cyc. 1502; (7) 26 Cyc. 1431; (8) 26 Cyc. 1491; (9) 38 Cyc. 1816; (10) 38 Cyc. 1509; (11) 38 Cyc. 1507; (12) 2 Cyc. 1019; (13) 29 Cyc. 836. As to the doctrine of assumption of risk and contributory negligence as affecting employers' liability, see 97 Am. St. 884; 98 Am. St. 289. As to the duty of mine owners to prevent injury to their employes, see 87 Am. St. 557. For a discussion of the liability of a mine owner to a servant for injuries caused by the falling of the roof or the mine, see Ann. Cas. 1912 B. 577. The authorities on the question of knowledge as an element of employers' liability are collated in an elaborate note in 41 L. R. A. 33. On the question of negligence of fellow servant concurring with failure of the master to establish or enforce proper rules or regulations for conduct of business, see 4 L. R. A. (N. S.) 516.